## NEW YORK OYER AND TERMINER.

### THE PEOPLE agt. COME A. MORRISETTE.

No court has authority to *suspend sentence indefinitely*, against criminals who have been found guilty by a jury, or have pleaded guilty.

No suspension of sentence, or stay, is authorized, except upon a *certiorari* or *writ of error*, on application in arrest of judgment, or for a new trial.

*December Term*, 1860.

*Present*, BALCOM, *Justice*.

THE prisoner was indicted for arson in the first degree, but the district attorney said he doubted whether he had sufficient evidence to convict him of arson in any degree, unless it was the *fourth*. The prisoner pleaded guilty of arson in the *fourth* degree, and threw himself upon the

People agt. Morrisette.

mercy of the court, and asked that sentence upon him be *suspended*, and that he be discharged from imprisonment.

BALCOM, Justice, gave his opinion in substance as follows: I am of the opinion the court does not possess the power to suspend sentence indefinitely in any case. As I understand the law, it is the duty of the court, unless application be made for a new trial, or a motion in arrest of judgment be made for some defect in the indictment, to pronounce judgment upon every prisoner convicted of crime by a jury, or who pleads guilty. An indefinite suspension of the sentence prescribed by law is a quasi pardon, provided the prisoner be discharged from imprisonment. No court in the state has any pardoning power. That power is vested exclusively in the governor.

I have learned by the newspapers that the recorder of this city occasionally suspended sentence upon verdicts or pleas of guilty, and I asked him last week where his authority was for so doing, He told me he thought there was an old statute applicable to his court, authorizing the suspension of judgment upon criminals in certain cases. I have been unable to find any such statute, and the district attorney has said he does not know of any.

Two of the justices of the supreme court, residing in this city, have informed me that they are not aware of any such statute, or of any authority for suspending sentence against criminals who have been found guilty by a jury, or have pleaded guilty.

I have heard that criminal courts, in some parts of the state, and even justices of the peace, have lately assumed the right to suspend sentencing prisoners found guilty of crime before them. But I am of the opinion no court in the state is authorized to do so. I think it is the imperative duty of every court to pronounce the judgment prescribed by law upon all persons convicted of crime before them, unless steps are taken for a new trial, or a motion be made in

arrest of judgment for some defect in the indictment. A stay of the sentence may be granted where a *certiorari* is sued out, and a stay of judgment may also be granted upon a *writ of error*. But no suspension of sentence or stay is authorized except upon a *certiorari* or *writ of error*. For these reasons I must refuse to suspend sentence in this case.

The prisoner was then sentenced to imprisonment in the penitentiary for six months.

Note.—(a) " The governor shall have the power to grant reprieves, commutations, and pardons, after conviction, for all offences except treason and cases of impeachment, upon such conditions, and with such restrictions and limitations as he may think proper, subject to such regulations as may be provided by law relative to the manner of applying for pardons. Upon conviction for treason, he shall have power to suspend the execution of the sentence, until the case shall be reported to the legislature at its next meeting, when the legislature shall either pardon or commute the sentence, direct the execution of the sentence, or grant a further reprieve. He shall annually communicate to the legislature each case of reprieve, commutation, or pardon granted; stating the name of the convict, the crime of which he was convicted, the sentence and its date, and the date of the commutation, pardon, or reprieve." (*Const.* 1846, *Art.* 4, § 5.)

(b) In England, in the case of murder, sentence must be pronounced immediately; but if the conviction appear to the judge to be improper, he may *respite* the execution to enable the defendant to apply for a pardon. (*Chitty's Cr. Law, Phil. Ed.,* 1819, *p.* 532 *to* 533.)

(c) The judge should recommend the prisoner to a pardon, and not suspend sentence, in case he thinks no punishment ought to be inflicted. (1 *vol. Bishop on Cr. Law,* § 675.)