HARRIS v. NIXON.

CRIMINAL LAW; CUMULATIVE SENTENCES; POLICE COURT.

1. Successive sentences—that is, one to commence on the expiration of another for distinct offenses—are not cumulative sentences. (Following *Harris* v. *Lang, ante,* 84.)

2. The expression "from day to day," in section 50, D. C. Code [31 Stat. at L. 1198, chap. 854], providing that the police court shall hold a term on the first Monday of every month, and shall continue the same from day to day as long as may be necessary for the transaction of its business, suggests that it was not contemplated that the continued term would extend beyond the next term of the court; and it is doubtful whether the January term may be extended until November.

3. The large powers of the court should not be used to legislate a different and heavier penalty for criminal offenses than the law intended.

4. The writ of habeas corpus cannot be made to serve as a writ of error or appeal to enable the appellate court to re-examine the judgment of the

lower court; and, to warrant the discharge of a convicted prisoner upon the writ, the sentence upon which he is held must be, not merely erroneous, but absolutely void.

5. The police court may suspend for the time being the execution of its judgment in a proper case; and this court will make every reasonable presumption in favor of the propriety of its action. (Following *Harris* v. *Lang, supra.*)

6. Where, on an appeal by the warden of the jail from an order of the lower court in a habeas corpus proceeding discharging the petitioners from jail on the ground that the sentences of the police court under which they were serving terms of imprisonment were void, this court *reversed* the lower court, and held that the petitioners had been discharged prematurely, and, it appearing that the terms of their imprisonment had not yet expired, the case was remanded for further proceedings. (Distinguishing *Harris* v. *Lang, supra.*).

No. 1638.    Submitted January 9, 1906.    Decided February 14, 1906.

HEARING on an appeal by the respondent, the warden of the District of Columbia jail, from an order of the Supreme Court of the District of Columbia in a habeas corpus proceeding discharging the petitioners from custody.          ⤏ *Reversed.*

The COURT in the opinion stated the case as follows:

This case is a petition for a writ of habeas corpus filed by William Nixon and Herbert Peters in the supreme court of the District of Columbia.

It appears that on January 14, 1905, the two petitioners, defendants below, were arraigned upon six different informations charging them with six different offenses of petit larceny. The appellees plead "guilty" to all of the six informations, and the police court proceeded to sentence the appellees upon informations 139,264, 139,265, and 139,266, by imposing sentence that the appellees be imprisoned in the District jail for a period of one hundred and twenty days upon information 139,264, for a period of one hundred and twenty days upon information 139,-265, the sentence to take effect upon the expiration of sentence imposed under information 139,264; for a period of one hundred and twenty days upon information 139,266, the said sen-

tence to take effect upon the expiration of the sentence imposed under information 139,265. The total of the three sentences aggregated three hundred and sixty days.

In the last three cases, 139,267, 139,268, and 139,269, continuances were entered to November 10, 1905. Upon that day the appellees had served three hundred days upon the three sentences before recited. They were brought into the police court and, because of sixty days' deduction on account of good conduct, were discharged from further imprisonment in the jail. On the same day the police court sentenced the appellees upon the three informations last mentioned, sentencing them in case 139,267 to pay a fine of $20 each, and, in default of payment, to be imprisoned in jail for a term of sixty days each; in case 139,268 to pay a fine of $20 each, and, in default, to be imprisoned in jail for a term of sixty days each, said sentence to take effect upon the expiration of imprisonment under sentence in case 139,267; in case 139,269, to pay a fine of $20 each, and, in default, to be imprisoned for a term of sixty days each, the said sentence to take effect upon the expiration of imprisonment under sentence in case 139,268, of even date therewith.

After commitment to the District jail on November 10, 1905, the appellees filed their petition in the supreme court of the District of Columbia, which set forth the facts just recited, and charged that the police court was without jurisdiction to impose sentence in the three cases last mentioned, and, therefore, their present and future detention under such sentences just recited was without authority or warrant in law.

The warden of the jail answered that he held the bodies of the appellees upon three warrants of commitment from the police court, all dated November 10, 1905, the commitments being under the three sentences just recited. Allowing time for good conduct, the imprisonment of the appellees should have terminated about April 9, 1906, if they served the aggregate of the successive sentences imposed by the police court. The appellees demurred to the return of the warden of the jail. The supreme court of the District of Columbia sustained the demurrer and discharged the appellees from the custody of the

appellant. The appellant contends that the court below erred in holding that the police court had no jurisdiction to impose sentences in cases 139,267, 139,268, and 139,269, and in holding that the sentences imposed in all of the six cases before mentioned were cumulative, and that it erred in discharging the appellees from the custody of the appellant.

*Mr. D. W. Baker,* United States Attorney for the District of Columbia, and *Mr. Stuart McNamara,* Assistant, for the Appellant.

*Mr. A. W. Scott* and *Mr. M. T. Clinkscales* for the appellees.

Mr. Justice McComas delivered the opinion of the Court:

For the reasons just stated in the case of *Harris* v. *Lang, ante,* 84, the learned court below erred in holding these successive sentences for different offenses to be cumulative sentences, and in discharging the appellees from the custody of the warden of the jail upon that ground. The appellees are now at large. The term of their imprisonment has not yet expired. The order of the learned court will therefore be reversed, and this cause remanded for further proceedings not inconsistent with this opinion.

In this case, the record shows that the defendants were convicted on January 14, 1905, and that in the three cases last mentioned, after the judgment of "guilty" was entered in each case, each of these three cases were continued to November 10, 1905. Like the case of *Harris* v. *Lang,* this case discloses extraordinary prolongation of the term and delay in imposing sentence.

Section 50 of the Code [31 Stat. at L. 1198, chap. 854] provides that: "The said [police] court shall hold a term on the first Monday of every month, and continue the same from day to day as long as it may be necessary for the transaction of its business."

This statute limits the term of the police court to one month, and empowers the court to continue the term from day to day

as long as it may be necessary for the transaction of its busi-
ness. The expression "from day to day" suggests that it was not
contemplated that the continued term would extend beyond the
period of the next term of the police court. It is at least doubt-
ful whether the statute intends that a term of court whose dura-
tion is one month may be continued from month to month, and,
as in this case, whether the January term should be continued
until the November term. A great number of cases must be dis-
posed of by the police court. Such continuances, if often grant-
ed, must affect the rights of accused persons. Inextricable
confusion must result.

We do not assume that a judge holding a police court, if he
believed the penalty prescribed by law for an offense to be inade-
quate, would, upon conviction of the offender, evade the law in
order to severely punish the convict. The large powers of the
courts should not be used to legislate a different and heavier
penalty than the law intended. Congress determines the charac-
ter of punishment for an offense, and the court fulfils its duty
when, by a fine or imprisonment, it imposes the penalty pre-
scribed by the statute. The court may think the offense de-
serves severer punishment. In a criminal case the judgment of
the law is the sentence, and it is the sentence of the law that
the court must impose; nothing more. The sure and swift
punishment of violators of the law is more effective than severity.
We do not assume that the police court would, with the best
intent, resort to unnecessary continuances, and thereby seek to
exceed the penalties which the law prescribes.

We repeat, the appellees have been discharged. The writ of
habeas corpus is in the nature of the writ of error which brings
up the body of the prisoner with the cause of commitment. It
cannot serve as a writ of error or as an appeal to enable us to
re-examine the judgment in the police court, as the Supreme
Court said, upon a like petition: "If this judgment be obliga-
tory, no court can look behind it. If it be a nullity, the officer
who obeys it is guilty of false imprisonment." *Ex parte Wat-
kins,* 3 Pet. 202, 203, 7 L. ed. 653.

The court may suspend for a time the execution of its judg-

ment in a proper case. As we have said in the case of *Harris* v. *Lang,* this court will make every reasonable presumption in favor of the propriety of the action of the police court.

"Neither irregularities nor error, so far as they were within the jurisdiction of the court, can be inquired into upon a writ of habeas corpus, because a writ of habeas corpus cannot be made to perform the functions of a writ of error in relation to proceedings of a court within its jurisdiction." *United States* v. *Pridgeon,* 153 U. S. 48, 63, 38 L. ed. 631, 637, 14 Sup. Ct. Rep. 746.

To warrant the discharge of the petitioner upon this writ, the sentence under which he is held must be, not merely erroneous, but absolutely void. It would be highly inconvenient in the administration of criminal justice that the power of the court to pronounce judgment should be limited to the particular term at which the trial is had. A due regard to the rights of the prisoner may induce a delay of sentence. A motion for a new trial or other lawful intervention may prompt this course. The statute recognizes these considerations, and, in respect of the police court, provides that it shall not lack power. It would seem that section 50 of the Code really affirmed a pre-existing power, and therefore ought not to be construed to vary the nature of that power common to all courts to adjourn to a distant day or to continue an existing term beyond the lawful period of its duration.

The case of *United States* v. *May,* 2 MacArth. 513, may have encouraged the practice of the extension of terms by saying: "If the judge, by accident, mistake, or design, should fail to pass sentence during the term of the court at which the verdict was found, he may do so at a subsequent term, and so may any other judge holding the same court."

It has been held by some courts that a long suspension of sentence, when not accompanied by imprisonment, is an interference with the pardoning power, and it is possible that to suspend sentence of persons in custody, as we have said, may permit a court to impose a greater punishment than the law itself imposes for the offenses. These interesting questions are

very ably discussed by Chief Justice Thompson in *Com.* v. *Mayloy,* 57 Pa. 291.

Whether the police court has power to suspend sentence for an indefinite period, we do not in this case need to decide. The highest motives often suggest a suspension of sentence: Consideration for youth, particular circumstances mitigating the offenses, or the action aggravating it; yet as was said in *People ex rel. Smith* v. *Allen,* 155 Ill. 63, 41 L. R. A. 473, 39 N. E. 568:

"On the other hand, the State has a right to demand, and the welfare of society requires, that those who are convicted or plead guilty to violations of the law shall be promptly and certainly punished."

We quote from *People ex rel. Smith* v. *Allen,* 155 Ill. 63–65, 41 L. R. A. 473, 39 N. E. 568, still further: "In Archbold on Criminal Practice (par. 180), the author says: 'If no motion be made in arrest of the judgment, or if made and decided against the defendant, the judge at the assizes, or the recorder, or chairman of the sessions, proceeds to pass sentence. Sometimes this is done immediately after each trial, sometimes at the end of each day, sometimes on some other day of the assizes or sessions. The first seems the better method.' 'The judgment or sentence of the court is usually given soon after the conviction,—at least during the same term of the court at which the prisoner is convicted,—unless the rendering of the judgment is stayed by a filing of a bill of exceptions for the purpose of taking the opinion of the Supreme Court upon the case.' 'No court has authority to suspend sentence indefinitely against criminals who have been found guilty by a jury, or have pleaded guilty. A suspension of sentence or stay is not authorized except upon a certiorari, or writ of error, or an application in arrest of judgment, or for a new trial.' Colby, Crim. Law, 390–392. In *People* v. *Morrisette,* 20 How. Pr. 118, Balcom, J., uses the following language: 'I am of the opinion the court does not possess the power to suspend sentence indefinitely in any case.'"

These views are suggestive. Perhaps they too greatly restrict the power and discretion of the courts. However that may

be, we do not intend in this case upon habeas corpus to consider and decide the power of the police court to suspend sentence, either in a case where the prisoner is discharged from imprisonment, whereby an indefinite suspension of the sentence prescribed by law may be a quasi pardon, or in a case wherein the prisoner may be committed, whereby a long suspension of a sentence may permit a delayed sentence to extend the punishment beyond the maximum penalty prescribed by law.

The sentences in *Harris* v. *Lang* and in this case suggested these observations, and we have refrained from saying whether, in our view, there are limitations upon the power of the police court to suspend sentence, and, if so, what are the principles which limit the exercise of such power.

In this case, as in the case of *Harris* v. *Lang,* the appellees have been discharged prematurely, but the time during which they should have remained in the District jail has not yet expired.

The order of the Supreme Court of the District of Columbia is reversed, and this cause is remanded to said court for further proceedings not inconsistent with this opinion.

*Reversed.*