## THE PEOPLE *v.* ACOSTA.

### APPEAL from the District Court of Aguadilla.

No. 71.—Decided March 16, 1906.

SENTENCES IN CRIMINAL CASES—AUTHORITY OF THE COURTS TO SUSPEND OR LEAVE THEM WITHOUT EFFECT—LACK OF JURISDICTION.—A court has no authority to suspend the execution of its sentence in a criminal case or to leave it without effect, but if it does so and permits the prisoner to remain at liberty or to go out of its custody, it loses its jurisdiction over him and it lacks the power to sentence him again or to declare in force the sentence which it had previously revoked.

The facts are stated in the opinion.
*Mr. Eduardo Acuña* for appellant.
*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from a judgment rendered by the District Court of Aguadilla. The facts of the case are as follows:

On the 22d day of March, 1905, the district attorney presented and swore to an information against Fernando Acosta González, charging him with the commission of the offense of contempt committed by the publication of an article entitled, "The Secretary of the District Court of Aguadilla Resigns—Lamentable State of Affairs There—From our correspondent," which was published in the issue of the newspaper *La*

*Correspondencia de Puerto Rico,* of the 20th of April, 1905, which article is an offensive and defamatory criticism of the orders and proceedings of the District Court of Aguadilla, by which the said court is unjustly brought in disrepute.

After the evidence had been heard the court pronounced sentence on the 15th of May, condemning the accused to the payment of $25 fine, and in case the same should not be paid that he should serve twelve days in jail.

On the 16th of May the accused by his attorney made a motion to remit the fine imposed, and to be acquitted, with the costs against the state, to which motion the *fiscal* agreed, and the court decided to leave the sentence unexecuted and without effect, and to remit the fine imposed.

On the appointment of a new *fiscal* for the District Court of Aguadilla, and on being informed of the decision of the court in this case, he appeared before the court on the 31st of July, 1905, alleging that only the Governor of Porto Rico had authority to grant pardons, suspend the execution of sentences, and cancel fines and money confiscated for crimes committed in Porto Rico, the court not having such authority; and that the order of the 16th of May, 1905, should therefore be annulled.

After hearing the accused the court annulled the said order, and ordered that the sentence pronounced on the 15th of May, 1905, remain in force.

From this judgment the accused took an appeal.

The exact words of the judge of the district court in remitting the fine, as certified to by the secretary, were as follows:

"In view of the motion presented by The People of Porto Rico, to which motion the counsel for Fernando Acosta has joined, the court in view of the grounds on which said motion is based and being informed of the correctness of the allegations and statements made therein, leaves the former sentence void and remits (*condona*) the fine imposed upon the said Fernando Acosta with the costs against the state, hoping, of course, that the result of this action will bring results for the court."

The power of a court to set aside, suspend, or vacate a sentence in a criminal case has been the subject of many decisions of the courts. Some of the authorities that may be cited are as follows: *Re Leslie Webb,* 27 L. R. A., 356; *State of Ill., ex rel. Smith* v. *Allen,* 41 L. R. A., 473; *In re Richard Flint,* 95 Am. St. Rep., 853; *United States* v. *Wilson,* 46 Fed. Rep., 748; *People of the State of Michigan* v. *Cummings,* 14 L. R. A., 265, and authorities in note; *State of Iowa* v. *Voss,* 8 L. R. A., 767; *Neal* v. *State of Georgia,* 42 L. R. A., 190, and authorities cited in note.

The general effect of these authorities is that the court has no power to suspend or vacate its sentence. In the case of *Re Leslie Webb,* reported in 27 Lawyers Reports Annotated, at page 356, the court says:

"No legal reason appears to have existed to warrant the court in suspending its sentence, in whole or in part, after it had been pronounced, if it be conceded the court had such power. The action of the court seems to have been founded on the joint request of the prosecution and of the defendant, and to have been granted as a matter of leniency to the defendant * * *. After the defendant had been convicted, and the sentence of the law in legal and proper form had been pronounced against him, it is difficult to understand upon what principle the court could further interfere in the premises. The right of the court, for cause, within the exercise of a reasonable discretion, to postpone sentence or suspend sentence, as it is said, seems to be clear, but we think, both upon principle and authority, its rights to suspend the execution of the sentence after it has been pronounced cannot be sustained, except as incident to a review of the case upon writ of error, or upon other well-established legal grounds. After sentence given the matter within these limits would seem to have been wholly within the hands of the executive officers of the law * * *. When the sentence was pronounced, the defendant was in custody; and it became *co instanti* his duty to pay his fine, and, for failure to do so, the term of his imprisonment at once began."

After discussing some other authorities, the court goes on to say:

"Here the execution of the sentence already pronounced is indefinitely suspended, and it may be the pleasure of the court never to direct execution, so that the suspension has the practical effect of a pardon, or of arrest of judgment indeterminate or final, without the authority to law;  *  *  *  As already observed the period if imprisonment, in contemplation of law, commenced March 16th, 1904, when the defendant was in custody and failed to pay the fine imposed against him, and he could not be lawfully imprisoned after it had expired. The order of October 12th, 1904, was not merely erroneous; in making it the court exceeded its jurisdiction."

The order of October 12th referred to was substantially an order resentencing the prisoner as in the case at bar. The case of *The People of the State of Illinois ex rel. Frederick W. Smith, v. R. L. Allen,* reported in 41 Lawyers Reports Annotated, at page 475, is a case in point. Here the court resentenced the prisoner some three years after the original sentence was pronounced. In its opinion the court quotes from the case of *People* v. *Morrisette,* 20 How. Pr., 118, to the following effect:

"As I understand the law, it is the duty of the court, unless application be made for a new trial, or a motion in arrest of judgment be made for some defect in the indictment, to pronounce judgment upon every prisoner convicted of crime by a jury, or who pleads guilty. An indefinite suspension of the sentence prescribed by law is a *quasi* pardon, provided the prisoner be discharged from imprisonment. No court in the State has any pardoning power. That power is vested exclusively in the governor."

At the end of this decision the court says:

"These authorities are cited in the brief of counsel for relator, and we have been referred to none to the contrary. Others to the same effect as those quoted from could be cited. Until the legislature shall vest courts in this State with powers not now given them, it is their duty, in the trial of criminal cases, upon a conviction or plea of guilty, to pronounce judgment at that time, unless upon motion for a new trial, in arrest of judgment, or for other cause, the case is continued for further adjudication, and the defendant by recognizance or being held in custody, required to continue to answer the charge.

And if they fail to perform that duty, but discharge the prisoner, or permit him to go indefinitely, their power and jurisdiction over him cease, and a subsequent sentence is without judicial authority. It follows that the relator was unlawfully imprisoned and entitled to an order from this court discharging him, which has accordingly been entered.''

In the same decision other authorities were quoted to a similar effect.

Another case in point is the case of *In re Richard Flint,* reported in 95 Am. St. Rep., at p. 853. On page 855 the court reviews the authorities.

In the case at bar the prisoner was convicted on the 15th of May, 1905, and the fine was remitted on the 16th of May of the same year. As in the Webb case, cited above, the appellant was sentenced to the payment of a fine, or to serve a term in jail, namely, twelve days. He was then in the custody of the court and the action of the court in remitting the fine put him without its control and the court had no power more than two months thereafter to resentence him. The pardoning power in Porto Rico, is vested in the Governor, as is the case elsewhere, and while it is evident on reason and from the authorities cited that the court had no power to remit the fine imposed by it, yet, having permitted the prisoner to pass from its custody, the court lost jurisdiction over him, and was without authority to resentence him.

The sentence of the district court, reimposing the fine upon the prisoner was therefore without authority of law, and the judgment of that court must be reversed, and the appellant discharged.

*Reversed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and MacLeary concurred.

CONCURRENT OPINION OF MR. JUSTICE MACLEARY.

The statement of the facts of this case contained in the first two pages of the opinion of Mr. Justice Wolf is accepted

as correct. I agree with the judgment of this court in reversing the judgment of the court below, and in ordering the discharge of the prisoner. I also agree with some of the propositions announced by my colleague, Mr. Justice Wolf, but the reasoning used in his opinion is not altogether satisfactory to my mind. I will give the reasons which impel me to concur in the judgment of the court.

It is announced in the case of *Flint, ex parte,* 95 American State Reports, 853, that:

"If a court, when a defendant appears before it for sentence, enters an order declaring that the sentence be, and the same is, hereby suspended, and the defendant permitted to go upon his own recognizance, it loses jurisdiction over him, and all subsequent proceedings by it are unauthorized and void."

This case is also reported in 25 Utah, 328 and 71 Pac. Rep., 530. It is based on section 4913 and 4915 of the Revised Statutes of Utah for the year 1898. Those sections are similar in all respects to sections 318 and 319 of the Code of Criminal Procedure of Porto Rico, and provide that: "When the defendant appears for judgment he must be informed of the nature of the charge against him, etc., and asked whether he has any legal cause to show why judgment should not be pronounced against him, and if no sufficient cause is alleged or appears to the court why judgment should not be pronounced it must thereupon be rendered."

Penal Code of California, in section 1202, has a similar provision.

It was, then, clearly the duty of the court to pronounce the sentence upon the prisoner at the time he appeared; but this sentence was liable to be set aside or vacated at any time during the term at which it was rendered. It is said in *Bassett* v. *United States,* 76 U. S., 38, that "it is competent for a court, for good cause shown, to set aside a judgment of conviction at the same term at which it was rendered, although the defendant may have entered upon the imprisonment ordered by the

sentence.'' This principle is one of very extensive application and well known and understood, and repeatedly approved by judicial decisions, both in England and in the United States. It is only necessary to refer to a few authorities which are: *Lange, Ex parte,* 85 U. S., 167; *Goddard* v. *Ordway,* 101 U. S., 752; *Ayres* v. *Wiswall,* 112 U. S., 190.

This judgment was rendered on the 16th of May, 1905, and on the next day was set aside and the prisoner discharged.

This court can take judicial cognizance of the terms of the district courts as fixed in accordance with law. These terms are fixed under section 13 of the Judiciary Act by the Attorney General, with the consent of the several district judges. The terms of the District Court of Aguadilla are as follows: First term, June and July; second term, October and November; third term, December and January; fourth term, February and March; fifth term, April and May; vacation, August and September.

On the appointment of the *fiscal* of the District Court of Aguadilla, who succeeded the one in office when the judgment of conviction was rendered on the 31st of July, he made a motion to set aside the order which was entered on the 16th of May, vacating the judgment of the previous day, and to sentence the prisoner, which was accordingly done. From that judgment this appeal is taken. The fifth term of the court during which the first judgment was rendered had expired on the last of May, and the first term beginning on July 1st, was in session when the judgment appealed from was rendered. The term at which the original judgment was rendered and vacated having expired, the court had lost all jurisdiction of the case, and consequently the judgment appealed from herein was null and void, and should have been set aside by this court, as was accordingly done.

For these reasons, briefly expressed, I concur in the judgment rendered in this case.