BROSIUS v. BOTKIN, Superintendent of
D. C. Reformatory.

No. 7658.

United States Court of Appeals for the
District of Columbia.

Submitted June 12, 1940.

Decided June 24, 1940.

Jack Brosius, in pro. per., for appellant.

Edward M. Curran, U. S. Atty., and Allen J. Krouse and Arthur B. Caldwell, Asst. U. S. Attys., all of Washington, D. C., for appellee.

Before GRONER, Chief Justice and EDGERTON and VINSON, Associate Justices.

GRONER, C. J.

In November, 1938, appellant pleaded guilty in the United States District Court for the District of Columbia to two felony indictments. One charged robbery in May, 1938; the other assault with a dangerous weapon in June, 1938. For each offense he was sentenced to serve a term "in an institution of the Jail type" from six months to a year, the second sentence to begin at the end of service of the first. The total period of confinement embraced in the two sentences was two years, unless shortened by parole. Appellant was first confined in the Washington City Jail, but subsequently was removed to the Lorton Reformatory in Virginia. He applied to the United States District Court in Eastern Virginia for a writ of habeas corpus, claiming that his confinement in the reformatory was unlawful. Judge Way sustained the writ, on the ground that the two jail sentences, aggregating, as they did, a period in excess of one year, were illegal under the provisions of D.C.Code, Tit. 6, Sec. 401, and remanded appellant "to the District of Columbia authorities for further proceedings in accordance with law." Appellant was thereafter brought before the District Court and the former sentences were corrected by striking out the provision for confinement in an institution of the "jail type" and substituting "penitentiary type," and appellant was then returned to the reformatory. The power of the District Court to correct the sentence to conform to the statute, is not

challenged. De Benque v. United States, 66 App.D.C. 36, 85 F.2d 202, 106 A.L.R. 839.

In January, 1940, appellant filed in the court below a habeas corpus petition, setting out these facts and contending that his imprisonment in an institution of the penitentiary type was unlawful. That court, after hearing, discharged the writ and dismissed the petition, and this appeal followed.

 The argument is that, although D.C.Code, Tit. 6, Sec. 401, is applicable to certain types of cumulative sentences aggregating more than one year, it is not applicable to sentences imposed for two separate and distinct violations of law committed on two separate and distinct dates, arising out of two separate and distinct transactions. The section is only a part of Sec. 934 of the 1901 Code, still in effect, which in its entirety reads as follows: "When any person shall be sentenced to imprisonment for a term not exceeding six months the court may direct that such imprisonment shall be either in the workhouse or in the jail. When any person is sentenced for a term longer than six months and not longer than one year such imprisonment shall be in the jail, and where the sentence is imprisonment for more than one year it shall be in the penitentiary. Cumulative sentences aggregating more than one year shall be deemed one sentence for the purposes of the foregoing provision. When the punishment of an offense may be imprisonment for more than one year the prosecution shall be in the [United States District Court for the District of Columbia]. When the maximum punishment is a fine only or imprisonment for one year or less the prosecution may be in the police court."

Appellant relies on Harris v. Lang, 27 App.D.C. 84, 7 L.R.A.,N.S., 124, 7 Ann.

Cas. 141. That case, like this, was an appeal in habeas corpus. There the petitioner was sentenced in the District of Columbia Police Court in June, 1904, to pay a fine of $200 and in default to be committed to jail for the term of 364 days. In the following March, 1905, while in jail, he was sentenced in the police court upon a different information for a different offense to imprisonment for 180 days "to take effect upon the expiration of sentence" previously imposed. The question was whether, because the sentences aggregated more than one year, the police court had exceeded its jurisdiction. We held it had not, and while the opinion undoubtedly has language, in respect to the meaning of the word "cumulative" in the quoted statute, which supports appellant's contention, the same question was not involved, and we do not regard anything said there in construing that word as binding in the present case. What we really held was that the police court had jurisdiction to impose a sentence to pay a fine or be committed to jail and later to impose a jail sentence for a separate offense, and to make the sentences run consecutively, even though in the aggregate the term to be served exceeded a year. We have no doubt that the decision was correct and that the police court's jurisdiction, though limited to crimes "not punishable by imprisonment in the penitentiary,"[1] is not subject to challenge where the effect of two sentences for two offenses is to extend the term of confinement beyond one year. See also Harris v. Nixon, 27 App.D.C. 94; Hartranft v. Mullowny, 43 App.D.C. 44.

We think the purpose of the cumulative sentence provision was merely the adoption of a policy that District of Columbia prisoners sentenced for more than a year should serve time in a penitentiary rather than in the District Jail,[2] at least when the

---

[1] D.C.Code, Tit. 18, Sec. 152.

[2] The word *cumulative* means "increasing by successive additions". The Concise Oxford Dict.; The Century Dict.; Webster. In this sense it is used in the phrase *cumulative sentences.* "Thus, where a man is sentenced to an imprisonment for six months on conviction of larceny, and afterwards he is convicted of burglary, he may be sentenced to imprisonment for the latter, to commence after the expiration of the first imprisonment; this is called a cumulative judgment." Volume 1, Bouvier's Dictionary, Rawles Third Revision, Tit. "Cumulative Sen-

tences". And the legal usage shows that the phrase denotes consecutive sentences, whether imposed under counts of the *same indictment or under different indict-*ments, as distinguished from concurrent sentences. See Howard v. United States, 6 Cir., 75 F. 986, 990–993, 34 L.R.A. 509, and cases there cited; Ex parte Lamar, 2 Cir., 274 F. 160, 170; Brandon v. Mackey, 122 Kan. 207, 251 P. 176, 177; Rigor v. State, 101 Md. 465, 61 A. 631, 633, 4 Ann.Cas. 719; State v. Hamby, 126 N.C. 1066, 35 S.E. 614; cf. Carter v. McClaughry, 183 U.S. 365, 394, 22 S. Ct. 181, 46 L.Ed. 236.

sentence was imposed by the District Court. This policy subsequently took definite form in an Act of Congress passed in 1916, Act Sept. 1, 1916, 39 Stat. 711, as follows: "Whenever any person has been convicted of crime in any court in the District of Columbia and sentenced to imprisonment for more than one year by the court, the imprisonment during the term for which he may have been sentenced * * * may be in some suitable jail or penitentiary or in the reformatory of the District of Columbia * * *; and it shall be sufficient for the court to sentence the defendant to imprisonment in the penitentiary without specifying the particular prison or the reformatory of the District of Columbia and the imprisonment shall be in such penitentiary, jail, or the reformatory of the District of Columbia as the Attorney General shall from time to time designate."

Under this statute the sentences imposed on appellant by the District Court are properly being served in the Reformatory.

The order of the lower court, discharging the writ and dismissing the petition, is affirmed.

Affirmed.