**HOLLOWAY v. UNITED STATES.**

**No. 10840.**

United States Court of Appeals

District of Columbia Circuit.

Argued May 25, 1951.

Decided Aug. 2, 1951.

Bernard Margolius, Washington, D. C. (appointed by this Court), for appellant.

Joseph F. Goetten, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty. and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee. L. Clark Ewing, Asst. U. S. Atty., Washington, D. C., also entered an appearance for appellee.

Before PRETTYMAN and WASHINGTON, Circuit Judges, and LEDERLE, District Judge, sitting by designation.

LEDERLE, District Judge.

This appeal questions the legality and effect of an indeterminate sentence of 2½ to 7 years imposed upon defendant-appellant by the District Court in Criminal Case No. 73337, which provides "said sentence to take effect at the expiration of sentence imposed in Criminal Case No. 73336." Defendant contends that this sentence is not sufficiently definite and certain to be valid as a cumulative sentence, that there was an invalid suspension of execution of the sentence because the prior sentence in Case No. 73336 had been stayed by an appeal, and that, being invalid as a cumulative sentence, the later sentence should be construed to run from date of pronouncement.

During July of 1944 defendant was convicted of the crime of rape in District Court Case No. 73336. A sentence of 5 to 15 years was imposed, and defendant ordered committed to the custody of the Attorney General. He filed an appeal from this judgment and elected not to commence service of the sentence. The conviction was affirmed on February 26, 1945. Holloway v. United States, 80 U.S.App.D.C. 3, 148 F.2d 665.

During October of 1944, while the appeal in Case No. 73336 was pending, defendant was convicted in District Court Case No. 73337 of the crime of assault with intent to rape another victim. On October 27, 1944 the impugned sentence was imposed in this case.

In April of 1949 defendant filed a motion to correct the later sentence, in which his main complaint was that there was an indefinite suspension of the execution thereof. This motion was heard on December 2, 1949. Defendant was present, represented by an attorney, and the District Judge denied the motion, without comment. This appeal is from the denial of that motion.

There is no question of either sentence being in excess of the minimum and maxi-

mum terms which the court could have imposed for the respective offenses under D.C.Code (1940 Ed.) 22–2801 and 22–501, nor is any question raised as to the right of the court to impose cumulative indeterminate sentences. This court has sanctioned such sentences in Brosius v. Botkin, 1940, 72 App.D.C. 279, 114 F.2d 22, and in Watson v. United States, 1948, 84 U.S.App. D.C. 86, 174 F.2d 253. Likewise, as to the reference to "sentence in Criminal Case No. 73336," paraphrasing a statement in this Watson opinion, "it is not in dispute that this reference is to the sentence imposed in" Case No. 73336 in the same court, wherein the sentence of 5 to 15 years was imposed in July of 1944. The court intended to impose a sentence consecutive to that in its Case No. 73336, and the defendant and everyone else so understood it.

▌ For a quarter of a century United States courts have had for their guidance in imposing and interpreting sentences the rule stated thus in United States v. Daugherty, 1926, 269 U.S. 360, 363, 46 S.Ct. 156, 157, 70 L.Ed. 309:

"Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded."

▌ Judged by this standard, the sentence in question is sufficiently definite to reveal with fair certainty the intent of the court to impose a sentence consecutive to another sentence which was sufficiently identified. In Watson v. United States, supra, a third sentence, later vacated, reading, "said sentence to take effect at expiration of sentence now being served", was held by this court to be sufficiently definite and certain to provide a standard for measuring the terms of fourth and fifth sentences which were made concurrent therewith. The sentence in question is legally definite and certain within the rule approved by the federal courts.

▌ When a later sentence is made consecutive to an earlier indeterminate sentence, the execution of the later sentence is always suspended, and such a suspension is not invalid. Although at the time of imposing the later sentence, as in this case, no one could name the exact date on which execution of the later sentence would commence, in effect a definite standard was established by which the beginning and end of the later sentence can be measured, thus removing it from the realm of either permanent suspension or dependency upon purely fortuitous events, such as was true in the two cases cited by defendant. Ex Parte United States, 1916, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129, prior to passage of the federal probation act, held that the court could not permanently suspend execution of a sentence "during the good behavior of the defendant". Millard v. United States, 1945, 5 Cir., 148 F.2d 154, certiorari denied 325 U.S. 885, 65 S.Ct. 1578, 89 L.Ed. 1999, held invalid for indefiniteness a sentence to begin upon termination of imprisonment for nonpayment of fines. Contrary to the situation in these two types of sentences, in the case at bar it was certain that with the passage of time the later sentence would ultimately begin, either upon affirmance or dismissal of the appeal followed by execution of the first sentence or upon cancellation of the first sentence by a reversal. Consequently, the execution was not indefinitely suspended. Following defendant's argument to its logical conclusion, if the fact that defendant had elected not to start serving his first sentence pending appeal is regarded as postponing indefinitely and thus invalidating the second sentence, the same thing should be true of all consecutive indeterminate sentences because each of them is to begin at a future date not possible of naming at the time sentence is imposed. Obviously, this is fallacious reasoning.

Having decided that the sentence in question is sufficiently definite and certain to be valid as a cumulative sentence and that there was not an invalid suspension of execution thereof, it is unnecessary to express an opinion on defendant's third point that, being invalid as a cumulative sentence, it should be construed to run from date of pronouncement.

Because we are deciding this appeal on the merits, we think it proper to dispose of a procedural objection raised by the Government in oral argument before this court, namely, that defendant's motion was premature because filed prior to expiration of the minimum time on his first sentence. In denying rather than dismissing defendant's motion, the trial judge apparently determined the motion upon its merits. The minimum time of the first sentence has now expired. It would be unfortunate to disregard the realities of the situation and dismiss this motion as having been prematurely filed, relegating the defendant to refiling an identical motion in the District Court. Although 28 U.S.C.A. § 2255, which became effective September 1, 1948, provides that a prisoner in custody *under sentence* [1] of a United States court may file a motion attacking *the sentence,* [1] it also provides: "A motion for such relief may be made at any time." *Rule 35* of the Rules of Criminal Procedure [2] provides, "The court may correct an illegal sentence at any time." If the trial court may correct an illegal sentence at any time, certainly a defendant has a right to move the court at any time for a declaration that a sentence is illegal. We do not believe that in employing the phrase, "a prisoner in custody under sentence," Congress intended to limit the courts' authority for correcting illegal sentences, as provided in this 1946 rule, to those cases where defendants have actually started serving the sentences. We believe the intent of both the statute and the rule is to permit the filing of a motion to correct an allegedly illegal sentence at any time regardless of whether or not execution of the sentence has commenced.

The order of the District Court denying the motion to correct the sentence is accordingly

Affirmed.

1. Italics added.

2. Although these rules were not in effect when these sentences were imposed, they are applicable to the instant proceeding under *Rule 59*, which provides the ef-

fective date of the rules is March 21, 1946, and, "They govern all criminal proceedings thereafter commenced and so far as * * * practicable all proceedings then pending."