## HOLLOWAY v. LOONEY.
### No. 4705.

United States Court of Appeals
Tenth Circuit.

Oct. 8, 1953.

Writ of Certiorari Denied

Dec. 7, 1953.

See 74 S.Ct. 245.

Tyree Holloway, pro se.

George Templar, Arkansas City, Kan., and Charles H. Rooney, Topeka, Kan., on the brief, for appellee.

Before BRATTON, MURRAH and PICKETT, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the District Court of Kansas discharging a writ of habeas corpus to test the lawfulness of petitioner's custody by the respondent Warden.

The material facts are that pursuant to a conviction, the petitioner was sentenced in July 1944 by the District Court for the District of Columbia for a term of five to fifteen years. He appealed from this judgment and elected not to commence the service of his sentence. While this appeal was pending and on October 27, 1944, the petitioner was convicted on another offense in the same District and sentenced for a term of two and one-half to seven years, to take effect at the expiration of the sentence imposed in the first case. He was committed to the custody of the Attorney General and did not appeal from the latter sentence. The appeal from the first sentence was affirmed on February 26, 1945, and he commenced the service of that sentence on March 7, 1945.

**434**

As grounds for his discharge, petitioner contends that the latter sentence of two and one-half to seven years, to commence at the expiration of the first sentence, which had not commenced at the time of the imposition of the latter, is fatally lacking in definiteness and certainty as a consecutive sentence and must therefore be construed to have commenced on the date of its imposition and his commitment; that having served the two and one-half to seven years, he is entitled to a discharge from further custody for that offense.

This identical question was raised and decided adversely to the petitioner in a motion to vacate under Section 2255, 28 U.S.C.A. See Holloway v. United States, 89 U.S.App.D.C. 332, 191 F.2d 504. The remedy provided under Section 2255 to test the validity of a sentence upon the ground that the court was without jurisdiction to impose it, or that it was in excess of the maximum provided by law or otherwise subject to collateral attack, being in lieu of the former remedy in habeas corpus, is exclusive and habeas corpus is not available to relitigate the question or review the decision of the court in a proceedings under Section 2255. See Barnes v. Hunter, 10 Cir., 188 F.2d 86; Clough v. Hunter, 10 Cir., 191 F.2d 516; Kreuter v. United States, 10 Cir., 201 F.2d 33; Smith v. United States, 10 Cir., 205 F.2d 768. A prisoner may however be heard in habeas corpus "to contend that he is being held in confinement without any judgment of a court, or that he is being held after having fully served the sentence for which he was committed." Mills v. Hunter, 10 Cir., 204 F.2d 468, 470. But habeas corpus is available only to effectuate a prisoner's immediate release and not to test the legality of his imprisonment at some future time. Pope v. Huff, 73 App.D.C. 170, 117 F.2d 779. The writ will not issue in the absence of a showing that the prisoner is presently restrained of his liberty without warrant of law. Macomber v. Hudspeth, 10 Cir., 115 F.2d 114; Wall v. Hudspeth, 10 Cir., 108 F.2d 865; McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238.

The petitioner does not contend that he is not presently in lawful custody of the Warden. He admits, as the record shows, that he is not presently entitled to release from custody under the first sentence of five to fifteen years. He is therefore in lawful custody under a valid sentence and the trial court correctly discharged the writ.

The judgment is affirmed.