**Dallas O. WILLIAMS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 1969.**

Municipal Court of Appeals for the District of Columbia.

Argued April 29, 1957.

Decided June 13, 1957.

Rehearing Denied July 3, 1957.

---

Wilbur W. Sewell, Washington, D. C., for appellant.

Nathan J. Paulson, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee. Fred Durrah, Asst. U. S. Atty., Washington, D. C., also entered an appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant was convicted of a felony in the United States District Court for the District of Columbia and sentenced to serve from one to three years. Thereafter he was convicted in the Criminal Branch of the Municipal Court for having "in his possession a pistol after having been convicted of a felony."[1] He was sentenced to serve 120 days, to take effect after the expiration of the District Court sentence. Subsequently, appellant in proper person filed a "Motion to Arrest Judgment and Impose a Fine." The trial judge treated this motion as one to correct an illegal sentence. Present counsel was appointed to represent appellant, and after hearing, the motion was denied. This appeal followed.

Appellant contends that the lower court is without jurisdiction to pronounce a sentence to commence in the future at the expiration of another sentence imposed by the District Court. As a general rule, however, a court has the power to impose separate sentences for distinct, independent offenses, the imprisonment under one to commence at the termination of that imposed under the other.[2] Since a court has this power, it can make no difference whether the initial sentence was imposed

---

1. Code 1951, § 22-3203 (Supp. V).

2. Blitz v. United States, 1894, 153 U.S. 308, 14 S.Ct. 924, 38 L.Ed. 725; Ex parte Lamar, D.C.S.D.N.Y.1921, 274 F. 160, 24 A.L.R. 864, affirmed, 1923, 260 U.S. 711, 43 S.Ct. 251, 67 L.Ed. 476; see 15 Am.Jur., Criminal Law, § 464.

by the instant court or some other court.[3] It is apparent, then, that the trial court's sentence in the present case was proper.

█ Appellant claims that "the Municipal Court may not impose a sentence that calls for imprisonment only for more than one year under any circumstances,"[4] relying on Code 1951, § 24–401, and the case of Harris v. Lang, 1906, 27 App.D.C. 84, 7 L.R.A.,N.S., 124, 7 Ann.Cas. 141. Consequently, he argues that "In the instant case the long suspension of the commencement of the sentence permits the delayed sentence to extend the punishment beyond the maximum penalty prescribed by law. Thus [sic] exceeding the jurisdiction of the Court."[5] We cannot agree. Standing alone, the lower court's sentence of 120 days is unquestionably within its statutory jurisdiction. Although the sentence is to run consecutively to an indeterminate sentence of one to three years imposed by the District Court, it does not thereby extend or exceed the Municipal Court's jurisdiction, for as former Chief Judge Groner stated in Brosius v. Botkin, 1940, 72 App. D.C. 279, 280, 114 F.2d 22, 23, "* * * the police court's jurisdiction, though limited to crimes 'not punishable by imprisonment in the penitentiary,' [footnote, Code citation] is not subject to challenge where the effect of two sentences for two offenses is to extend the term of confinement beyond one year."

While it is not entirely clear from the record, appellant may be fearful that the second sentence will have to be served in the penitentiary where the first sentence will be served, but we assume that his place of confinement after he finishes the District Court sentence will be in accordance with the Code Section.

Affirmed.

3. Rigor v. State, 1905, 101 Md. 465, 61 A. 631, 4 Ann.Cas. 719; see 15 Am.Jur., Criminal Law, § 470.

