**UNITED STATES of America,
Appellee,**

v.

**Clarence Duke McGANN, Appellant.
No. 282, Docket 24065.**

United States Court of Appeals
Second Circuit.

Submitted March 20, 1957.

Decided June 14, 1957.

tional five-year sentences for other crimes, including the interstate transportation of the stolen automobile that was used in both robberies, the five-year sentences to be served concurrently with the twenty-year sentence. On August 3, 1955, in the Southern District of New York, McGann, along with his two confederates who had also pleaded guilty, was sentenced by Judge Ryan to twenty years' imprisonment, the sentence to be served concurrently with the sentences imposed in Maryland. It is this sentence imposed by Judge Ryan that is presently under attack. At the time he pleaded guilty on June 28, and when the sentence was imposed on August 3, 1955, McGann was represented by his counsel, Samuel W. Altman, Esq., a lawyer with many years' experience at the federal criminal bar, who had been appointed by Judge Leibell to represent appellant.

On August 11, 1955, eight days after the imposition of sentence, appellant filed a "Petition for Writ of Habeas Corpus," in which he alleged "that his plea of guilty to an untrue bill was made under undue duress and hardship and a direct violation of your petitioners constitutional rights." The petition was denied without a hearing by Judge Herlands on September 13, 1955. Appellant did not appeal.

On December 12, 1955, appellant filed a "Motion to Withdraw Plea of Guilty under 32(d) of the Rules of Criminal Procedure [18 U.S.C.]" in which he alleged, *inter alia*, "That said plea was made under undue influence and cocercion by my Court appointed counsel, namely Samuel B. Altman."[1] On December 19, 1955, the motion was denied by Judge Murphy, again without a hearing, and again appellant took no appeal.

On January 30, 1956, appellant filed his third post-conviction motion attacking the validity of his sentence. In his "Petition for Writ of Habeas Corpus to Set Aside Sentence and Grant a New Trial" under 28 U.S.C. § 2255 and the accompanying "Brief," he al-

Paul W. Williams, U. S. Atty. for Southern District of New York, New York City (Mark F. Hughes, Jr., and Maurice N. Nessen, Asst. U. S. Attys., New York City, of counsel), for appellee.

Clarence D. McGann, pro se.

Before CLARK, Chief Judge, and MEDINA and HINCKS, Circuit Judges.

MEDINA, Circuit Judge.

The record indicates that appellant McGann and two associates, Henry John Foster and Earl Kill Smith, pleaded guilty in the United States District Court for the Southern District of New York on June 28, 1955, to the charge of robbing a bank in the Harlem section of New York City on August 12, 1954, in violation of 18 U.S.C. § 2113. He had previously pleaded guilty in the United States District Court for Maryland to the charge of robbing a bank there on August 13, 1954, the day after the robbery in Harlem. McGann was sentenced to twenty years' imprisonment for the crime committed in Maryland, and at the same time, upon further pleas of guilty, there were imposed two addi-

---

1. The quotations from appellant's allegations are verbatim.

leged "that his plea of Guilty was made under Duress and Cocercion in violation of his constitutional rights," and that "Said Duress and Cocercion was made by my Court appointed Counsel Mr. Samuel B. Altman, stating that the U. S. Atty. would asked the Court that no sentence be imposed. After your petitioner changed from his plea of not guilty and pleaded guilty the U. S. Atty. namly George S. Leisure confirmed my Atty. promises to me." These assertions by appellant are in conflict with affidavits filed in this proceeding by his former court-appointed lawyer and the prosecutor. On February 7, 1956, Judge Clancy endorsed the moving papers as follows: "The files and records of this case and the moving and answering papers conclusively show that the prisoner is entitled to no relief. The application is denied." There had been no hearing. Appellant's present appeal is from this order by Judge Clancy.

■ We find no occasion to comment on the merits of appellant's claim of infringement of constitutional rights in connection with the New York conviction and sentence, because 28 U.S.C. § 2255 is of no avail unless the prisoner is "claiming the right to be released." As the Supreme Court pointed out in United States v. Hayman, 342 U.S. 205, at page 219, 72 S.Ct. 263, at page 272, 96 L.Ed. 232:

> " * * * the history of Section 2255 shows that it was passed at the instance of the Judicial Conference to meet practical difficulties that had arisen in administering the habeas corpus jurisdiction of the federal courts. * * * the sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum."

"Thus," we held in United States v. Bradford, 2 Cir., 194 F.2d 197, 200, certiorari denied 347 U.S. 945, 74 S.Ct. 642, 98 L.Ed. 1093, "the section should be read as coextensive in substance with the writ, and as confined to amending the procedure." In McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, the Supreme Court settled beyond cavil that federal habeas corpus may not be used as a means of securing the judicial decision of any question which, even if determined in the prisoner's favor, could not result in his immediate release. It follows that Section 2255 is available only to a prisoner claiming the right to immediate release if the issues are determined in his favor. Since appellant cannot claim to be released because of any infirmities in the sentence in the Southern District of New York so long as he is lawfully in custody under the uncompleted sentence imposed in the District of Maryland, the validity of which remains unchallenged, his application under Section 2255 is premature. Duggins v. United States, 6 Cir., 240 F.2d 479; Oughton v. United States, 9 Cir., 215 F.2d 578.

Affirmed.

CLARK, Chief Judge (concurring).

I agree with the affirmance here and the ground upon which it is placed. But since McGann is a persistent movant and since there seems to be one underlying issue troubling him, I think it more constructive and in keeping with our guardianship (more or less) of those incarcerated in our prisons to suggest a course which might and should settle things. McGann has been ill advised to make foolish charges—contrary to the obvious indications of the record—against his court appointed lawyer and, more lately, against the Assistant U. S. Attorney. For actually he makes no complaint against his twenty-year sentence from the Maryland federal court and his real grievance is that he may have to serve nearly a year more under his sentence from the court below. This comes about because he was sentenced in Maryland on September 24, 1954, and in New York on August 3, 1955. Judge Ryan below was specifically asked by McGann's counsel to make his sentence completely concurrent and apparently so intended, for his formal judg-

ment of August 3, 1955, reads: "TWENTY (20) YEARS to run concurrently with sentence imposed in the United States District Court in Maryland." Is that wholly concurrent, or is it actually some 10⅓ months longer? I think McGann may well have some doubts about that, as to which a simple motion to correct or clarify the sentence could settle the ambiguity. See Crowe v. United States, 6 Cir., 200 F.2d 526; Miller v. United States, 5 Cir., 128 F.2d 519, 520, 521, certiorari denied 317 U.S. 626, 63 S.Ct. 36, 87 L.Ed. 506; Holloway v. United States, 89 U.S.App.D.C. 332, 191 F.2d 504; F.R.Cr.P., rule 35 and Committee Note. Conceivably we might accept the present papers as so requesting and refer them to Judge Ryan for clarification; at any rate a direct motion—for which no hearing is necessary or appropriate—would produce the desired correction or explanation.