**Carl Earnest McCRAW, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19523.**

United States Court of Appeals
Ninth Circuit.

Nov. 29, 1965.

---

Carl E. McCraw, in pro. per.

Cecil F. Poole, U. S. Atty., Rothwell B. Mason, Asst. U. S. Atty., Sacramento, Cal., for appellee.

Before POPE, DUNIWAY and ELY, Circuit Judges.

**PER CURIAM:**

In 1958 the appellant was convicted on his plea of guilty under two counts of an indictment charging violation of Title 18 U.S.C. § 2312, interstate transportation of two stolen motor vehicles. The sentence fixed his term of imprisonment as follows: "Four years on Count 1 and four years on Count 2. It is further ordered that these counts are to run consecutively to each other and consecutive to any term of imprisonment now pending elsewhere." In 1962 petitioner filed in the court below a petition pursuant to Title 28 U.S.C. § 2255 asking that his sentence be set aside on the ground that fraud and duress were used in obtaining his plea of guilty. After hearing the court denied that motion. Subsequently, in 1964, appellant filed another motion under § 2255 and he now appeals to this court from the trial court's denial of that motion.

The motion was denied after hearing held, counsel having been appointed to represent the appellant. Upon this appeal appellant attempts to state several grounds for reversal of the order denying his motion below. He contends that the indictment was insufficient in that it failed to name the owners of the automobiles alleged to have been stolen. If this omission was a deficiency in the indictment, it is not such a deficiency as can be raised under a section 2255 motion which is a collateral proceeding. Palomino v. United States, 9 cir., 318 F.2d 613. However, in any event such omission is not a defect in an indictment for this offense. Whitaker v. United States, 9 cir., 5 F.2d 546, Alm v. United States, 8 cir., 238 F.2d 604, and see Form 6 in Appendix of Forms, F.R. Crim.P.

Finally appellant contends that the language of the sentence quoted above is ambiguous and cannot be read as requiring a consecutive sentence. He asserts that the language is meaningless and hence that the sentence should be vacated. We can find no fault in the form of the sentence or in the language quoted and we find it is sufficiently cer-

tain. See Freeman v. United States, 10 cir., 299 F.2d 752, Hart v. United States, 8 cir., 259 F.2d 646, Holloway v. United States, 89 U.S.App.D.C. 332, 191 F.2d 504.

The order of the district court denying the appellant's motion is affirmed.