## FOOSHEE v. UNITED STATES.

### No. 14268.

United States Court of Appeals,
Fifth Circuit.

March 30, 1953.

H. Jackson Daniel, St. Louis, Mo., Leonard B. Levy, New Orleans, La., Salkey & Jones, St. Louis, Mo., for defendant-appellant.

Cavett S. Binion, Asst. U. S. Atty., Frank B. Potter, U. S. Atty., and Charles Lindsey, Sp. Asst. to U. S. Atty., Fort Worth, Tex., for appellee, United States.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Convicted on his plea of guilty of having violated section 494, Title 18 U.S.C. by causing to be uttered and published as true upon one F. D. Jones and one Earl D. Hicks, pharmacists, prescriptions for narcotic drugs purportedly issued to C. M. Moore, a false and fictitious name, appellant was sentenced to serve two years with hospitalization at the United States Medical Center in Springfield, Missouri.

On October 10, 1951, while still confined there, he filed a motion under Rule 35 of Federal Rules of Criminal Procedure, 18 U.S.C., and under section 2255, Title 28, U.S.C., to vacate said sentence as illegally imposed.

On November 14, 1951, the motion was denied, and there was no appeal from the order.

On June 23, 1952, appellant refiled his motion under Rule 35 and section 2255 to vacate the judgment and set it aside, and the motion was again denied for the reasons stated in Findings of Fact and Conclusions of Law filed by the court.

Here in an earnest effort to support his claim that the facts set out in the information do not constitute an offense under section 494, appellant has filed a brief replete with the citation of authorities and containing a complete and careful exposi-

tion of his reasons for believing that the fact alleged that a false and fictitious name was given to the doctor issuing the prescriptions does not make out an offense under the section.

The United States, while insisting that an offense was charged, points out that, for the reasons it states in its brief, Rule 35 is not available to the defendant because a motion to correct sentence "under [that rule] presupposes a valid conviction and affords a procedure for bringing an improper sentence into conformity with the law"; Cook v. United States, 1 Cir., 171 F.2d 567, 570. Cf. U. S. v. Bradford, 2 Cir., 194 F.2d 197. As to Section 2255 it points out that that section is not available to him because, as appears from his brief, he is not and for some time past has not been in custody, and the issues raised by his appeal are now moot.

We agree [1] that the appeal states nothing for appellate review and order it dismissed.

[1]. Section 2255, being a rule of procedure for the issuance of a Writ of Habeas Corpus, can only be applicable when the appellant is under detention. The rule specifically provides that it is for the benefit of a "prisoner in custody". Courts have consistently held that the detention of appellant was a prerequisite for the maintaining of an action under the provisions of Sec. 2255. U. S. v. Hunter, 7 Cir., 162 F.2d 644; Crow v. U. S., 9 Cir., 186 F.2d 704; Lopez v. U. S., 9 Cir., 186 F.2d 707; United States v. Bradford, 2 Cir., 194 F.2d 197.