Chester L. OUGHTON, Appellant,

v.

UNITED STATES of America, Appellee.

Misc. No. 382.

United States Court of Appeals
Ninth Circuit.

Sept. 7, 1954.

579

Chester L. Oughton, in propria persona.

William T. Plummer, U. S. Atty., Anchorage, Alaska, for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

PER CURIAM.

Oughton, having appealed to this court from the district court's order in a 28 U.S.C. § 2255 proceeding denying his motion to set aside his life sentence, seeks our order to proceed forma pauperis with his appeal.

It appears from the records of the district court of which we take judicial notice [1] that Oughton plead guilty on the same day to the offense for which he was given a life sentence and two other sentences, upon one of which he received a five-year sentence and upon another of which he received a year and a day. The sentences running concurrently were imposed on December 17, 1952.

From the above it is apparent that if he were successful in his present § 2255 proceeding attacking his life sentence, he would not be released from custody. Nor does his § 2255 motion allege that he is "claiming the right to be released" from custody as required by the following provision of § 2255:

"§ 2255. Federal custody; remedies on motion attacking sentence

"A prisoner in custody under sentence of a court established by Act of Congress *claiming the right to be released* upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court* which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time." (Emphasis supplied.)

Obviously, the motion must be made by a prisoner "claiming the right to be released". As stated by the Supreme Court the "sole purpose" in enacting this section "was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum." United States v. Hayman, 342 U.S. 205, 219, 72 S.Ct. 263, 272, 96 L.Ed. 232. In habeas corpus the applicant has no right to have adjudicated the validity of a sentence where, if adjudicated in his favor, he would still be confined in the same penitentiary under another existing sentence.

Since the § 2255 motion on its face showed no ground existed to invoke it, the district court was not required to bring Oughton before it in the proceeding in which it held the motion should be denied.

The motion to prosecute the appeal forma pauperis is ordered denied.

1. Lopez v. Swope, 9 Cir., 205 F.2d 8, 9.