Charles E. **TOLIVER**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 15508.

United States Court of Appeals Ninth Circuit.

Nov. 26, 1957.

Charles E. Toliver, Steilacoom, Wash., in pro. per.

Ralph E. Hopper, Oakland, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, John H. Riordan, Asst. U. S. Attys., San Francisco, Cal., for appellee.

Before DENMAN, POPE and HAMLEY, Circuit Judges.

DENMAN, Circuit Judge.

Toliver, in propria persona, appeals from the denial of a motion under 28 U.S.C. § 2255 filed on October 2, 1956, to partially vacate appellant's sentence of a judgment entered April 1, 1954.

The sentencing court, the United States District Court for the Northern District of California, Southern Division, after a hearing in which the appellant was represented by counsel denied the motion, making findings of fact and conclusions of law on the basis that every issue raised in the petition was decided adversely to the appellant in the appeal from his original conviction.

The appellant was charged under a five count indictment concerning violations of the narcotics laws. The first count charged a violation of the Harrison Narcotics Act, 26 U.S.C. §§ 2553 and 2557 (illegal selling); the second count was dismissed; the third and fourth counts charged appellant with violations of the Harrison Narcotics Act and the Jones-Miller Act, 21 U.S.C. § 174 (illegal concealment) occurring on a different day from the violation in count one; count five charged the appellant with conspiracy to violate the narcotics law in violation of 18 U.S.C. § 371. After a jury verdict of guilty on the four counts remaining in the indictment (that is counts one, three, four and five) the appellant was sentenced to serve four years in prison on each count the sentences on counts one and three to run concurrently and the sentences on counts four and five to run concurrently but consecutively with the sentences on counts one and three (that is a total imprisonment of eight years). There was a fine of one dollar on each count.

Appellant contends that the maximum sentence which the trial court had jurisdiction to impose upon him was four years since count four is identical with count three and count one is identical with count five. He further contends that the sentences constitute double jeopardy.

The Government's reply brief argues the merits of the case. Neither brief discloses the facts appearing at the beginning of this opinion, that Toliver was serving his first sentence of uncontested validity when he invoked 28 U.S. C. § 2255 to have his succeeding sentence declared invalid. That section provides in part:

"§ 2255. Federal custody; remedies on motion attacking sentence

"A prisoner in custody under sentence of a court established by Act of Congress *claiming the right to be released* upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court* which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time. [Emphasis supplied.]

Of this we held that:[1]

---

1. Oughton v. United States, 9 Cir., 215 F. 2d 578, 579, certiorari denied, 1957, 352 U.S. 975, 77 S.Ct. 373, 1 L.Ed.2d 328;

Williams v. United States, 9 Cir., 236 F. 2d 894.

"Obviously, the motion must be made by a prisoner 'claiming the right to be released'. As stated by the Supreme Court the 'sole purpose' in enacting this section 'was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum.' United States v. Hayman, 342 U.S. 205, 219, 72 S.Ct. 263, 272, 96 L.Ed. 232. In habeas corpus the applicant has no right to have adjudicated the validity of a sentence where, if adjudicated in his favor, he would still be confined in the same penitentiary under another existing sentence."

Since Toliver does not claim the right to be released Section 2255 was improperly invoked and the district court was without jurisdiction.

The judgment is reversed and the district court is ordered to dismiss the motion.