Bernard G. **MILLER**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15860.

United States Court of Appeals
Ninth Circuit.

May 27, 1958.

Bernard Miller, in pro. per.

Charles P. Moriarty, U. S. Atty., Seattle, Wash., Charles W. Billinghurst, Asst. U. S. Atty., Tacoma, Wash., for appellee.

**502**

Before STEPHENS, Chief Judge, and DENMAN and FEE, Circuit Judges.

PER CURIAM.

This is another of those 28 U.S.C. § 2255 cases like Toliver v. United States, 9 Cir., 249 F.2d 804 in which it is *obvious beyond question* that no jurisdiction exists where the Government has sought a determination of the merits of a convict's contention as to his guilt.

The very first sentence of Section 2255 provides that only "A prisoner in custody * * * claiming the right to be released * * * may move the court which imposed the sentence to vacate, set aside or correct the sentence." Nowhere in Miller's motion does he claim the right to be released from his present custody on a five year sentence commenced only 20 months ago.

In this case Miller was convicted and sentenced on July 30, 1955 on three counts of an indictment based upon 18 U.S.C. § 2113(a), (b) and (d). The first sentence is for five years, for entering a federal bank with intent to rob it, the second for five years for actually committing the robbery, and the third sentence for 20 years for assault committed during the robbery, putting a life in jeopardy. The sentences were to be served concurrently.

Miller's motion admits the validity of the second five-year sentence he is serving for the actual robbery of the bank. What the motion seeks is to have the first five-year and the 20-year sentence declared invalid.

This court, beginning in 1950, in Crow v. United States, 9 Cir., 186 F.2d 704, 706, has consistently held:

"Since the motion under Section 2255 was designed to provide a direct attack in place of collateral attack under habeas corpus, it is logical to conclude that the intent of Congress was to limit the scope of relief under it to that on habeas corpus. Relief under habeas corpus is limited to release from present detention. It is not available to test the legality of threatened detention. It does not lie to secure a judicial decision which, even if determined in the prisoner's favor, would not result in his immediate release [McNealy v. Johnston, 9 Cir., 100 F.2d 280]."

This was followed by Lopez v. United States, 9 Cir., 186 F.2d 707; Oughton v. United States, 9 Cir., 215 F.2d 578, certiorari denied 352 U.S. 975, 77 S.Ct. 373, 1 L.Ed.2d 328; Williams v. United States, 9 Cir., 236 F.2d 894, 897; Hoffman v. United States, 9 Cir., 244 F.2d 378; and Toliver v. United States, 9 Cir., 249 F.2d 804.

The judgment is reversed and the motion ordered dismissed.

JAMES ALGER FEE, Circuit Judge (concurring).

I concur in the foregoing Per Curiam opinion. The principle is hornbook law. The motion could not have been treated as a petition for the writ of coram nobis under Shelton v. United States, 5 Cir., 246 F.2d 571. See also Shelton v. United States, 5 Cir., 242 F.2d 101.