Herbert Eugene **JUELICH** and Lewis
Woodard Larson, Appellants,

v.

**UNITED STATES of America,**
Appellee.

No. 13424.

United States Court of Appeals
Sixth Circuit.

June 26, 1958.

Certiorari Denied Oct. 13, 1958.

See 79 S.Ct. 72.

Robert D. Leggett, Cincinnati, Ohio,
for appellants.

Andrew M. Gant, Jr., Nashville, Tenn.,
for appellee.

Before MARTIN, MILLER and
STEWART, Circuit Judges.

PER CURIAM.

In 1953 the appellants were sentenced
to five-year prison terms upon their
pleas of guilty to an indictment charg-
ing them with interstate transportation
of a stolen automobile. In 1956 they
filed motions to vacate the sentences
upon the ground that their pleas of
guilt had been coerced. These appeals
followed the district court's denial of
the motions.

■ In denying the motions the dis-
trict court correctly pointed out: "The
transcript of the record demonstrates
conclusively that the petitioners were
carefully interrogated by the District
Judge with respect to the offense; that
a competent attorney was appointed to
represent them; that they discussed
their offense freely, openly and volun-
tarily; that they were fully aware of
their rights; and that they freely ad-
mitted their guilt, in effect stating that
they expected to receive a severe sen-
tence. No intimation whatever was
made by them to the effect that they had
been coerced into pleading guilty or that
the plea of guilty did not represent the
exercise of their own free will and judg-
ment."

■ There is another and even more
cogent reason why the motions were
properly denied. At the time of the dis-
trict court's order the appellants had
completed service of the sentences to
which their motions were directed.
"[T]he right to relief under [28 U.S.
C.A.] Sec. 2255 is limited by the express
terms of the statute to situations where
the prisoner is attacking the judgment
under which he is in custody and, if
successful, would be entitled to be re-
leased." Duggins v. United States, 6
Cir., 1957, 240 F.2d 479, at page 484.
"If a prisoner has already served the
sentence which he is attacking by a pro-
ceeding under Sec. 2255, he is not in cus-

tody under that sentence and cannot maintain the proceeding." Id., at page 482.

The order of the district court is affirmed.