HEFLIN *v.* UNITED STATES.

No. 137.   Argued January 14–15, 1959.—Decided February 24, 1959.

*Jerome A. Cooper,* acting under appointment by the Court, 358 U. S. 803, argued the cause and filed a brief for petitioner.

*Theodore George Gilinsky* argued the cause for the United States. With him on the brief were *Solicitor General Rankin, Assistant Attorney General Anderson* and *Beatrice Rosenberg.*

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

Petitioner and two others were indicted and convicted under three counts charging violations of the Federal Bank Robbery Act, 18 U. S. C. § 2113. One count charged taking the property by force and violence, and assaulting and jeopardizing the lives of several persons in the course of the taking, in violation of § 2113 (d).[1] Another count charged that they did "receive, possess, conceal, store, and dispose" of the stolen money in violation of § 2113 (c).[2] A third count charged a conspiracy. The sentence imposed[3] was 10 years on the first count mentioned above, 3 years on the conspiracy count to begin to run on expiration of the first, and 1 year and 1 day on the count charging receipt of the stolen property, this sentence to begin to run on expiration of the sentence on the conspiracy count.

All these events took place before our decision in *Prince* v. *United States*, 352 U. S. 322. Shortly thereafter petitioner instituted this proceeding under 28 U. S. C. § 2255,[4]

---

[1] This subsection provides:

"Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."

[2] This subsection states:

"Whoever receives, possesses, conceals, stores, barters, sells, or disposes of, any property or money or other thing of value knowing the same to have been taken from a bank, or a savings and loan association, in violation of subsection (b) of this section shall be subject to the punishment provided by said subsection (b) for the taker."

[3] This was a corrected sentence imposed after the appeal, as reported in *Heflin* v. *United States*, 223 F. 2d 371.

[4] Section 2255 reads in relevant part as follows:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground

complaining that he could not be lawfully convicted under both subsections (c) and (d) of § 2113, *i. e.*, of feloniously receiving and feloniously taking the same property. The District Court denied the motion. The Court of Appeals affirmed. 251 F. 2d 69. We granted certiorari (357 U. S. 935) because of an apparent conflict between that decision and the *Prince* case.

I. There is a preliminary question of jurisdiction. Petitioner is now in custody under the 10-year sentence which admittedly is valid. Since he has not completed that sentence nor the consecutive conspiracy sentence, it is argued that relief by way of § 2255 may not be had.

We reviewed in *United States* v. *Hayman,* 342 U. S. 205, the history of § 2255 and emphasized that its purpose was to minimize some of the difficulties involved in the use of habeas corpus. It is now argued that when con-

---

that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing. . . ." 62 Stat. 967, amended 63 Stat. 105.

secutive sentences are imposed, § 2255, no more than habeas corpus (*McNally* v. *Hill,* 293 U. S. 131, 138), can be used to question a sentence which the prisoner has not begun to serve. The Court is divided on that issue. Some think that when § 2255 says "A motion for such relief may be made at any time," it means what it says. To them the correction of sentence, if made, will affect "the right to be released," protected by § 2255, even though that right will not be immediately realized. A majority, however, are of the view, shared by several Courts of Appeals,[5] that § 2255 is available only to attack a sentence under which a prisoner is in custody. Yet in their view relief under Rule 35 of the Federal Rules of Criminal Procedure [6] is available (at least where matters *dehors* the record are not involved), the only question here being whether the sentence imposed was illegal on its face.[7]

---

[5] *United States* v. *Bradford,* 194 F. 2d 197; *United States* v. *McGann,* 245 F. 2d 670; *United States ex rel. Bogish* v. *Tees,* 211 F. 2d 69, 71; *Fooshee* v. *United States,* 203 F. 2d 247; *Duggins* v. *United States,* 240 F. 2d 479; *Crow* v. *United States,* 186 F. 2d 704; *Oughton* v. *United States,* 215 F. 2d 578; *Hoffman* v. *United States,* 244 F. 2d 378; *Miller* v. *United States,* 256 F. 2d 501.

[6] Rule 35 provides in part:

"The court may correct an illegal sentence at any time."

[7] Since the motion under Rule 35 is made in the original case, the time within which review by certiorari of the Court of Appeals decision should be sought is 30 days. Supreme Court Rule 22 (2). The petition for writ of certiorari in this case was not filed until after the passage of 30 days from the judgment below. Nevertheless, because successive motions may be made under Rule 35 and because no jurisdictional statute is involved, the majority agrees to dispense with the requirements of our Rule in order to avoid wasteful circuity. To those of us who deem that § 2255 is available, there is no question but that the petition was in time. It was filed within the 90-day period provided by 28 U. S. C. § 2101 (c) governing this type of suit. For a motion under § 2255, like a petition for a writ of habeas corpus (*Riddle* v. *Dyche,* 262 U. S. 333, 336), is not a proceeding in the original criminal prosecution but an independent civil suit.

II. We held in *Prince* v. *United States, supra,* that the crime of entry into a bank with intent to rob was not intended by Congress to be a separate offense from the consummated robbery. We ruled that entering with intent to steal, which is "the heart of the crime," *id.,* at 328, "merges into the completed crime if the robbery is consummated." *Ibid.* We gave the Act that construction because we resolve an ambiguity in favor of lenity when required to determine the intent of Congress in punishing multiple aspects of the same criminal act.

Subsection (c) of § 2113, with which we are now primarily concerned, came into the law in 1940. The legislative history is meagre. The Senate Report (S. Rep. No. 1801, 76th Cong., 3d Sess.) is captioned "Punishment for Receivers of Loot From Bank Robbers." The Report states, "This bill would add another subsection to further make it a crime, with less severe penalties (maximum $5,000 fine and 10 years imprisonment, or both) to willfully become a receiver or possessor of property taken in violation of the statute," p. 1. Similarly the House Report states "Present law does not make it a separate substantive offense knowingly to receive or possess property stolen from a bank in violation of the Federal Bank Robbery Act, and this bill is designed to cover the omission." H. R. Rep. No. 1668, 76th Cong., 3d Sess., p. 1.

This clue to the purpose of Congress argues strongly against the position of the Government. From these Reports it seems clear that subsection (c) was not designed to increase the punishment for him who robs a bank but only to provide punishment for those who receive the loot from the robber. We find no purpose of Congress to pyramid penalties for lesser offenses following the robbery. It may be true that in logic those who divide up the loot following a robbery receive from robbers and thus multiply the offense. But in view of the legislative his-

tory of subsection (c) we think Congress was trying to reach a new group of wrongdoers, not to multiply the offense of the bank robbers themselves.

*Reversed.*

MR. JUSTICE STEWART, whom MR. JUSTICE FRANK-FURTER, MR. JUSTICE CLARK, MR. JUSTICE HARLAN, and MR. JUSTICE WHITTAKER join, concurring.

While joining the Court's opinion, I think it clear that a motion for relief under 28 U. S. C. § 2255 is available only to attack a sentence under which a prisoner is in custody. That is what the statute says. That is what the legislative history shows. That is what federal courts, faced almost daily with the statute's application, have unanimously concluded. Personal notions as to the kind of a post-conviction statute that Congress might have enacted or should enact are, of course, entirely irrelevant to the inquiry.

*First.* The words which Congress has used are not ambiguous. Section 2255 provides that: "A prisoner in custody under sentence . . . *claiming the right to be released* . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." The statute further provides: "A motion for *such relief* may be made at any time." This latter provision simply means that, as in habeas corpus, there is no statute of limitations, no *res judicata,* and that the doctrine of laches is inapplicable.

*Second.* The legislative history of § 2255 is reviewed at length in the opinion which Mr. Chief Justice Vinson wrote for the Court in *United States* v. *Hayman,* 342 U. S. 205. No chronicle of the genesis and purpose of a legislative enactment could be more authentic, because almost the entire legislative history is to be found in the deliberations and recommendations of the Judicial Con-

ference of the United States, over which Mr. Chief Justice Vinson then presided. The opinion in *Hayman* clearly shows that "the sole purpose" of the statute "was to minimize the difficulties encountered in habeas corpus hearings by affording the *same rights* in another and more convenient forum." 342 U. S., at 219. Those difficulties are detailed in the opinion. There is not one word to indicate any intent to alter the basic principle of habeas corpus that relief is available only to one entitled to be released from custody.

The very office of the Great Writ, its only function,.is to inquire into the legality of the detention of one in custody. It is unnecessary to paraphrase here Mr. Justice Stone's penetrating discussion in *McNally* v. *Hill*, 293 U. S. 131, or to incorporate the thorough review of legal history there contained. It will suffice to note only the Court's conclusion: "Without restraint of liberty, the writ will not issue. Equally, without restraint which is unlawful, the writ may not be used. A sentence which the prisoner has not begun to serve cannot be the cause of restraint which the statute makes the subject of inquiry." (Citations omitted.) 293 U. S., at 138.

*Third.* It is something of an understatement simply to say that these views are "shared by several Courts of Appeals." So far as I have been able to find, these courts, at least since the *Hayman* decision, have been unanimous in holding that a motion under § 2255 may be filed only by a prisoner claiming the right to be released. These are the courts continually faced with problems arising under § 2255, and many of them have given careful consideration to this very issue. *United States* v. *Bradford*, 194 F. 2d 197 (C. A. 2d Cir.); *United States* v. *McGann*, 245 F. 2d 670 (C. A. 2d Cir.); *United States ex rel. Bogish* v. *Tees*, 211 F. 2d 69, 71 (C. A. 3d Cir.); *Fooshee* v. *United States*, 203 F. 2d 247 (C. A. 5th Cir.); *Duggins* v. *United*

*States,* 240 F. 2d 479 (C. A. 6th Cir.); *Juelich* v. *United States,* 257 F. 2d 424 (C. A. 6th Cir.); *Oughton* v. *United States,* 215 F. 2d 578 (C. A. 9th Cir.); *Williams* v. *United States,* 236 F. 2d 894 (C. A. 9th Cir.); *Hoffman* v. *United States,* 244 F. 2d 378 (C. A. 9th Cir.); *Toliver* v. *United States,* 249 F. 2d 804 (C. A. 9th Cir.); *Miller* v. *United States,* 256 F. 2d 501 (C. A. 9th Cir.); *Smith* v. *United States,* 259 F. 2d 125 (C. A. 9th Cir.).

Although believing that relief in this case was not available under § 2255, I think, and indeed the Government concedes, that relief was available to the petitioner by virtue of Rule 35 of the Fed. Rules Crim. Proc. That rule provides: "The court may correct an illegal sentence at any time." The rule became effective more than two years before the enactment of § 2255 and has an entirely different history. It was a codification of existing law and was intended to remove any doubt created by the decision in *United States* v. *Mayer,* 235 U. S. 55, 67, as to the jurisdiction of a District Court to correct an illegal sentence after the expiration of the term at which it was entered.*

Whether Rule 35 covers the broader field of collateral attack where a hearing to consider matters *dehors* the record is necessary, we need not here determine. The Rule certainly covers a case like the present one where the claim is that the sentence imposed was illegal on its face. For this reason, and because I agree with the Court's construction of the Federal Bank Robbery Act, I concur in the opinion and the judgment.

---

*See Judge Shackelford Miller's discussion of the relationship between § 2255 and Rule 35 in *Duggins* v. *United States,* 240 F. 2d 479 (C. A. 6th Cir.).