**William Ernest JENKINS, Appellant,**

v.

**· UNITED STATES of America,
Appellee.**

**No. 18783.**

United States Court of Appeals
Fifth Circuit.

Aug. 16, 1961.

William Ernest Jenkins, Alcatraz, Cal., for appellant.

Charles D. Read, Jr., U. S. Atty., J. Robert Sparks, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before CAMERON and WISDOM, Circuit Judges, and THOMAS, District Judge.

PER CURIAM.

Appellee Jenkins was convicted by a jury of a criminal offense committed while he was serving a sentence under a previous conviction, in the federal penitentiary in Atlanta. March 22, 1956, he was sentenced to serve one year and one day after the expiration of the sentence he was already serving, this being substantially the minimum allowable sentence.[1] More than four years later he moved in the same court, under 28 U.S.C. § 2255 and also under Rule 32, F.R.Cr.P., 18 U.S.C., for an order correcting the judgment imposing the consecutive sentence.

1. §§ 4901, 4902, Title 26 Code of Georgia, 1933, as Amended, Title 18 U.S.C. § 13.

The trial judge who had imposed the consecutive sentence heard the motion upon a portion of the record made at the time the appellee was sentenced on March 22, 1956. The § 2255 proceeding was correctly decided by the court below, which denied this motion on the ground that the facts adduced by the appellant failed to show that the sentence was improperly imposed. The action of the court in connection with the § 2255 proceeding is correct, also, because the appellant failed to show that he was then in custody under the sentence imposed March 22, 1956. Heflin v. United States, 1959, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed. 2d 407.

The court below also denied appellant's motion under Rule 32. This ruling was made prior to the decisions of the Supreme Court in Green v. United States, 1961, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670, and Van Hook v. United States, 1961, 365 U.S. 609, 81 S.Ct. 823, 5 L.Ed.2d 821. We think that these decisions of the Supreme Court are controlling and require a reversal of the judgment of the court below.

The judgment appealed from is, therefore, reversed and the case remanded for re-sentencing in compliance with Rule 32 of the Federal Rules of Criminal Procedure.

Reversed and remanded.

THOMAS, District Judge (dissenting).

I dissent. I think the case should be affirmed. The sentence complained of was imposed on Jenkins prior to the decision in the Green case, supra. As stated by Mr. Justice Stewart in his special concurring opinion, "I would apply such a rule prospectively, in the exercise of our supervisory capacity." [365 U.S. 301, 81 S.Ct. 656.] To hold otherwise would flood the courts with criminal appeals which could serve the defendants no useful purpose, as it would only mean resentencing and would have no effect on the conviction.