**Hugh GANT, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18993.**

United States Court of Appeals
Fifth Circuit.

Oct. 17, 1962.

Hugh Gant, Webster, Fla., for appellant.

Richard W. Ervin, III, Asst. U. S. Atty., Tallahassee, Fla., C. W. Eggart, Jr., Acting U. S. Atty., for appellee.

Before BROWN, GEWIN and BELL, Circuit Judges.

PER CURIAM.

While this appeal was pending, the Appellant was released from confinement subject to further supervision. Assuming, without deciding, that the petition sufficiently asserted a request for correction of a sentence under F.R.Crim.P. rule 35, 18 U.S.C.A., and not merely for relief under 28 U.S.C.A. § 2255 as to which present confinement is necessary, Heflin v. United States, 1959, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407; cf. Parker v. Ellis, 1960, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963, we nevertheless affirm.

The District Court, as this Court earlier had done in this very same case, Gant v. United States, 5 Cir., 1947, 161 F.2d 793, held that in 1946 the sentencing court had the power to correct the sentence so that on all of counts 1, 2, 3 and 4 the sentence was 15 years. Re-examination is permitted since res judicata does not apply. Heflin v. United States, supra, 358 U.S. 415 at 420, 79 S.Ct. 451 at 454. But the prior decision is not without significance since § 2255 also provides that "the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." See Daniels v. United States, 1958, 17 Alaska 670, 258 F.2d 356; Dunn v. United States, 6 Cir., 1958, 234 F.2d 219, cert. denied, 352 U.S. 899, 77 S.Ct. 140, 1 L.Ed.2d 90; Albert v. United States, 9

Cir., 1958, 259 F.2d 268. This requires, of course, the exercise of a sound judicial discretion. Hallowell v. United States, 5 Cir., 1952, 197 F.2d 926, 928; Wells v. United States, 5 Cir., 1954, 210 F.2d 112.

■ Re-evaluating the case without being rigidly circumscribed by our prior decision, we think that under the circumstances of this record the denial of relief was correct. We can assume that at the time the Court in 1946 entered nunc pro tunc the corrected sentence which undertook to assess a single penalty of 15 years on each and all of counts 1 through 4, the Court was powerless to increase the sentence as to counts 1 and 2 (originally 10 years). But at the time of such 1946 resentencing, petitioner had not yet commenced serving the original sentence under counts 3 and 4. While our earlier decision affirmed that in the initial sentence of 1938 the sentencing court was in error in treating counts 1, 2, 3 and 4 as separate crimes since all were to be deemed a single crime so far as punishment was concerned, the trial Court admittedly had the power at the time of the initial sentence to impose a maximum penalty up to 25 years for the total act of armed bank robbery aggravated by an assault. While, as Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, was years later to describe it, penalties for a series of individual actions ostensibly constituting separate crimes under the Bank Robbery Act could not be pyramided, the acts charged in counts 3 and 4 nevertheless were as much a part of the total act as those charged in counts 1 and 2. Consequently, once the Court was asked in 1946 to correct the illegal sentence (10 years on counts 1 and 2, to be followed by 15 years on counts 3 and 4), it had the power to make a disposition as to those counts. The 15-year sentence entered nunc pro tunc in 1946 as of February 1938 was within the statutory maximum for all of the separate crimes. When the pyramiding was eliminated, the corrected sentence was, and is, valid.

Denial of further relief was therefore correct. By this decision we have not undertaken to fix the date upon which petitioner shall be free of further supervision. Computation of this is necessarily left to the proper administrative officials.

Affirmed.