Broadway **ARRINGTON**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 17885.

United States Court of Appeals, Seventh Circuit.

March 31, 1970.

Broadway Arrington, pro se.

Thomas A. Foran, U. S. Atty., Chicago, Ill., for appellee; John Peter Lulinski, Michael B. Nash, Richard J. Ciecka, Asst. U. S. Attys., of counsel.

Before SWYGERT, Chief Judge, KILEY, Circuit Judge, and GORDON, District Judge.

GORDON, District Judge.[1]

This is an appeal from the dismissal of a 28 U.S.C. § 2255 motion on May 19, 1969. The district court concluded that the issues raised by the petitioner had previously been resolved in an earlier § 2255 motion decided on June 20, 1965 by the district court for the northern district of Illinois. See Arrington v. United States, 65–C–108. No appeal was taken from the district court's ruling in the 1965 petition.

The language of 28 U.S.C. § 2255 makes it clear that a court need not hear successive motions:

> "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

This court has had occasion to apply this principle, and in United States v. Brown, 207 F.2d 310, 311 (7th Cir. 1953) we said:

> "This provision of the statute clearly leaves the matter of entertaining a second or subsequent motion to the discretion of the trial court. Moss v. United States, 10 Cir., 177 F.2d 438; Story v. United States, 8 Cir., 185 F. 2d 952."

Other courts which have employed this discretionary rule as to repetitious § 2255 motions include Gant v. United States, 308 F.2d 728, 729 (5th Cir. 1962); McGann v. United States, 261 F.2d 956, 958 (4th Cir. 1958), cert. denied 359 U.S. 974, 79 S.Ct. 891, 3 L.Ed. 2d 841 (1959); Albert v. United States, 259 F.2d 268 (9th Cir. 1958); La Clair v. United States, 241 F.Supp. 819, 830 (N.D.Ind.1965).

The court below found that the same issues presented in the present petition had been determined earlier in the 1965 motion. A comparison of the two petitions demonstrates this conclusion to be correct; with one noncontrolling exception, which we will consider subsequently, the 1965 motion and the current motion are identical. Accordingly, the district court was acting within its authorized discretion in rejecting the present motion. It is also clear that the 1965 decision was on the merits of the application, the district court having considered briefs submitted by both petitioner's counsel and by the United States attorney.

Although the petitioner failed to appeal the denial of his petition in the 1965 case, he now urges that we review the same issues in connection with the present dismissal. Were we to do so, we would, in a real sense, be extending his time for appeal. In McGann v. United States, 261 F.2d 956, 958 (4th Cir. 1958), cert. denied 359 U.S. 974, 79 S.Ct. 891, 3 L.Ed.2d 841 (1959), the court stated:

> "Having failed to appeal from that ruling, the prisoner cannot now file an identical motion in order to obtain review by this court."

Another case which found the failure to appeal to be a decisive factor in considering an appeal from successive motions is Burns v. United States, 229 F.2d 87, 89 (8th Cir. 1956), cert. denied 351 U.S. 910, 76 S.Ct. 703, 100 L.Ed. 1445 (1956); there the court observed:

> "If defendant desired to challenge the correctness of the court's decision he

---

1. The writer of this opinion is sitting by designation from the district court for the Eastern District of Wisconsin.

should have appealed from the first order denying his motion. Having failed to do so he cannot now complain that the court has denied his third motion based upon substantially the same grounds as the prior two motions which the court denied."

■ In Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), the court discussed the factors to be considered in weighing successive motions under § 2255. We find those factors fully met in the case at bar. The current application is based substantially upon the same grounds as those previously advanced. The earlier ruling was upon the merits. Finally, there is no basis in this case for our believing the ends of justice would be served by our remanding this case for a plenary hearing on Mr. Arrington's petition.

■ There is one issue presented in the instant petition which was not contained in the 1965 motion: Mr. Arrington alleges that his plea of guilty was entered without the determination required under Rule 11, Federal Rules of Criminal Procedure, and McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). The Rule 11 problem was urged in the earlier motion, but it was not raised in regard to *McCarthy,* which had not been decided at that time. Mr. Arrington pleaded guilty after several days of trial, and the district court had the benefit of that testimony. In addition, the court addressed numerous pertinent questions to Mr. Arrington before accepting his plea of guilty. The decision in *McCarthy* cannot apply in Mr. Arrington's case because it has prospective effect only. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). Under these circumstances, the petitioner's reliance on Rule 11 and *McCarthy* is without merit.

We conclude that the appellant's motion pursuant to § 2255 was properly denied by the district court, and such denial is affirmed.