Lewis P. FRANKLIN, Appellant,

v.

UNITED STATES, Appellee.

Marsell A. BENSON, Appellant,

v.

UNITED STATES, Appellee.

Herbert C. DICKERSON, Appellant,

v.

UNITED STATES, Appellee.

Nos. 11307, 11323 and 11343.

District of Columbia Court of Appeals.

On Appellees Petition for Rehearing
Sept. 29, 1978.

Samuel J. Lowe, Washington, D. C., appointed by this court, for appellant Franklin.

Marie T. Loepp, Washington, D. C., appointed by this court, for appellant Benson.

Leslie J. Harris and Richard S. McMillin, Washington, D. C., appointed by this court, for appellant Dickerson.

Earl J. Silbert, U. S. Atty., and John A. Terry and Michael W. Farrell, Asst. U. S. Attys., Washington, D. C., for appellee.

Before GALLAGHER, NEBEKER and YEAGLEY, Associate Judges.

NEBEKER, Associate Judge:

After argument before this division in these consolidated cases, we reversed appellants' convictions for burglary, grand larceny, and receiving stolen property and remanded for a new trial. *Franklin v. United States*, D.C.App., 382 A.2d 20 (1978). We held that the jury had been improperly permitted to return verdicts of guilty upon the receiving counts where it had also returned verdicts of guilty upon the burglary and larceny counts—an error which was conceded by the government. *See Heflin v. United States*, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). We also held that the appropriate appellate remedy for the trial error was to remand for a new trial as to all counts. *Milanovich v. United States*, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961).

In its Petition for Rehearing, the government again urges that the appropriate appellate remedy in this situation is that employed by the Court in *United States v. Gaddis*, 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976)—vacation of the receiving conviction and (absent other error) affirmance of the remaining convictions. It also argues, for the first time but with considerable logic, that if a new trial is required the new trial should not again involve the issue of appellants' guilt—an issue, it asserts, which has already been determined—but, rather, should be limited to the question of upon which count or counts appellants are guilty. In view of our disposition we need not reach this latter argument.

In *Milanovich*, the Court held "that the trial judge erred in not charging that the jury could convict of either larceny or receiving, but not of both." 365 U.S. at 555, 81 S.Ct. at 730. The Court further held that "there is no way of knowing whether a properly instructed jury would have found the [defendant] guilty of larceny or of receiving (or, conceivably, of neither)." *Id.* The Court rejected the argument that "the mere setting aside of the shorter concurrent sentence [for receiving] sufficed to cure any prejudice resulting from the trial judge's failure to instruct the jury properly." *Id.*

Although noting that the jury, properly instructed, might have convicted upon the larceny count and the trial judge might have imposed the greater sentence on that count alone, the Court held that "for a reviewing [C]ourt to make those assumptions is to usurp the functions of both the jury and the sentencing judge." *Id.* at 556, 81 S.Ct. at 730.

In *Gaddis*, on the other hand, the Court did not find it necessary to require a new trial. Although the trial court had permitted the jury to return guilty verdicts upon both the larceny and the receiving counts, two factors distinguished that case from *Milanovich*. First, the trial judge, in imposing a greater sentence for the larceny count and a lesser, concurrent sentence for the receiving count, stated as follows:

> [T]he Court realizes that twenty-five years [imposed for the larceny count] is the maximum, and the cases say that there is a merger of all of those offenses. If there is any question as to the legality of that sentence, that's the Court's intention. [424 U.S. at 546, 96 S.Ct. at 1025.]

Second, the Court held that, unlike the evidence in *Milanovich*, the evidence in *Gaddis*, although sufficient to sustain the larceny conviction, was insufficient to sustain the conviction for receiving. *Id.* at 549, 96 S.Ct. 1056. Thus, for the reviewing court to fashion a remedial alternative to remand for a new trial would "usurp" neither the function of the sentencing judge nor that of the jury. The Court did not need to assume that the trial judge would have imposed the greater sentence had the defendant been convicted upon the larceny count only, for the sentencing judge explicitly stated that that was his intent. Nor did the Court have to assume that a properly instructed jury would have convicted upon the larceny count alone since there was no evidence upon which it could have conviction upon the receiving count. Accordingly, the trial judge's "error in not [dismissing the receiving count] can be fully corrected now by the simple expedient of vacating the convictions and sentences under that count." *Id.* at 549, 96 S.Ct. at 1027. (footnote omitted).

The government argues that, despite these differences between *Milanovich* and *Gaddis*, *Gaddis* should be read as tacitly overruling *Milanovich*.[1] This argument derives from two sources. First, the *Gaddis* Court, after disposing of the case before it, considered the situation in which the evidence might be sufficient to sustain a jury verdict of guilty upon each of the counts—the situation both in *Milanovich* and in the instant cases. The Court stated that in such circumstances the trial judge "should instruct [the jurors] that they must first consider the [larceny count] and should consider the [receiving count] only if they find insufficient proof that the defendant himself was a participant in the [larceny]," 424 U.S. at 550, 96 S.Ct. at 1027 (footnote omitted). Second, two concurring members of the Court noted that the majority had "no occasion to consider the continuing validity" of *Milanovich* and, therefore, did "not read the Court's opinion as reaffirming . . . the *Milanovich* rule that a new trial is required when (1) the jury is erroneously permitted to convict a defendant [of both charges] and (2) there is evidence to support both convictions." *Id.* at 551, 96 S.Ct. at 1028 (White, J., with whom the Chief Justice joined, concurring). Rather, the concurring members argued that, because a properly instructed jury would not have—under the charge mandated by the majority—considered the receiving count, an appellate court may simply vacate the conviction upon the count which should not have been considered. *Id.* at 551–52, 96 S.Ct. 1056.

The government, in support of the *Gaddis* concurrence, argues that the *Gaddis* majority created a "rule of priority" between proper convictions (those supported by the evidence) and improper ones (those not sup-ported by the evidence) which permits an appellate remedy short of a new trial on all counts. This same "rule of priority" can, it argues, be applied to distinguish between a conviction upon a count (larceny) which should have been first considered by the jury and a conviction upon a count (receiving) which should never have been considered. We find this argument to be persuasive as to the concern, expressed in *Milanovich*, that an appellate court not usurp the function of the jury.

■ In *Gaddis*, the trial court had submitted both counts to the jury. That the receiving count *should not have been* submitted (because the evidence was insufficient to convict) did not alter the fact that it *was* submitted for jury consideration. The jury's consideration of the charges was not, therefore, affected by what the trial judge should have done. But the Supreme Court, in fashioning the appropriate appellate remedy considered as done that which, as a matter of law, should have been done. The legal effect of the jury's consideration of the receiving count, therefore, was deemed to be—and treated as—a nullity. Similarly, in the instant cases, the jury was permitted to consider the larceny and burglary counts along with the receiving counts, giving no priority to their consideration. And the trial judge charged the jury to return verdicts upon all counts. But the jury should not under the rule announced in *Gaddis*,[2] have considered the receiving counts unless it had already determined that appellants were not guilty of the other counts. Because the jury found, beyond a reasonable doubt, that appellants were guilty of burglary and larceny, it should not have considered the receiving counts—ei-

---

1. The government also argues that *Milanovich*, if not overruled, is distinguishable from the instant cases in that the evidence of the larceny was entirely separate from the evidence of the receiving in *Milanovich* while the same evidence supported both counts in the instant cases. This distinction, however, is one which would have limited the applicability of *Heflin* to *Milanovich*—one, in other words, which would have tended to indicate that the *Milanovich* defendant was properly convicted of two sepa-rate and distinct crimes. This argument, although advanced by a dissenting opinion in *Milanovich* (*see* 365 U.S. at 558–59, 81 S.Ct. 728 (Frankfurter, J., *dissenting*)), was rejected by the Court and is, in any event, irrelevant to the question of remedy once a violation of *Heflin* is found.

2. This rule of priority in jury consideration was announced in *Gaddis* prior to the trial of these cases.

ther before or after its consideration of the other counts. As in *Gaddis*, what the jury should not have considered may be deemed not to have been before it. And if the "simple expedient of vacating the convictions and sentences" under the counts improperly before the jury in *Gaddis* (424 U.S. at 549, 96 S.Ct. at 1027) did not usurp the function of the jury, then application of the very same remedy to the wholly analogous situation in the instant cases could not.

■ In so holding, we need not, however, conclude that the *Gaddis* majority overruled *Milanovich*. The result we reach is mandated not by application of a *ratio decidendi* in conflict with *Milanovich* but by the introduction, in *Gaddis*, of a new factor affecting the scope of the jury function—the rule of priority in jury consideration. This rule had not been announced in *Milanovich*—an absence which led to criticism in a dissenting opinion. 365 U.S. 564, 81 S.Ct. 735 (Clark, J., *dissenting*: "[T]he jury is invited [by the majority] to consider counts not factually inconsistent, and in such sequence as it chooses, with no more reason to convict on one rather than another . . ."). Absent that rule, there was no legal standard by which the reviewing Court could determine which of the two convictions should be (and would have been) given effect, for the only rule was that "the jury could convict of either larceny or receiving, but not of both." 365 U.S. at 554, 81 S.Ct. at 730. The announcement in *Gaddis* of such a legal standard provides the means for appellate remedy which was not available to the Court in *Milanovich*.[3]

■ That application of the *Gaddis* "rule of priority" obviates usurpation of the jury function by an appellate court, however, does not end our inquiry. The *Milanovich* Court was also concerned that the sentenc-

ing judge might have imposed a shorter sentence for the larceny conviction had there not been an accompanying receiving conviction. In the instant case, appellant Franklin was placed on five years' probation under the Youth Corrections Act (18 U.S.C. § 5010(a)), with imposition of sentence suspended; appellant Benson was sentenced to three to ten years' imprisonment on each count, all concurrent; and appellant Dickerson was sentenced to ten to thirty years on the larceny and receiving convictions and fifteen to forty-five years on the burglary conviction, all concurrent. Appellant Dickerson's situation presents the most obvious analogy to *Milanovich* in that we cannot know that, but for the existence of the improper receiving conviction, the trial judge might not have imposed a greater sentence for the burglary conviction. *Cf. United States v. Lemonakis*, 158 U.S.App. D.C. 162, 187, 485 F.2d 941, 966 (1973), *cert. denied*, 415 U.S. 989, 94 S.Ct. 1586, 415 U.S. 989 (1974) (precisely analogous sentences imposed; on appeal, greater sentence vacated). But the *Milanovich* rationale must apply equally to Benson and Franklin, for we cannot know that, absent the improper receiving conviction, the sentencing judge might not have imposed lesser sentences (or, in Franklin's case, a shorter period of probation with its restrictions on his freedom) upon all counts. Vacation of the receiving convictions does not, therefore, in itself, suffice to obviate the *Milanovich* concern, not present in *Gaddis*, that appellants could have been prejudiced at sentencing by the improper receiving conviction.

We believe that, having corrected the potential trial prejudice by vacating the receiving convictions, the possible sentencing prejudice may be avoided by the simple expedient of vacating the sentences imposed upon the remaining convictions and

---

3. Application of a rule of priority of jury consideration in fashioning a rule of priority for appellate remedial purposes is not unique to the situation involved in the instant cases. Thus, where an appellant has been convicted of both the crime and a lesser included offense, the appropriate appellate remedy is vacation of the lesser included offense. *See, e. g., Franey v. United States*, D.C.App., 382 A.2d 1019, 1021

(1978). The rationale for this remedy is that, as here, the jury should have been charged to consider the lesser included offense only if it had already determined that the appellant was not guilty of the main offense. *Id.* at 1021 n.2; *Fuller v. United States*, 132 U.S.App.D.C. 264, 292, 407 F.2d 1199, 1227 (1968) (en banc), *cert. denied*, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969).

remanding for resentencing. At resentencing, the trial judge will not have before him the conviction for receiving, thus obviating the *Milanovich* concern that the sentencing judge might cumulate the individual sentences. Nor do we usurp the trial judge's sentencing function, for the sentencing judge upon remand must exercise his wholly independent sentencing discretion within the limits of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) and, as to Franklin, *Cole v. United States*, D.C.App., 384 A.2d 651 (1978). Thus, appellants are free to seek any shorter sentence which, absent the receiving conviction, might have been imposed, while the government remains free to again seek the reimposition of the same sentences.

Having concluded that the several convictions for burglary and larceny should have been affirmed except as to the sentences imposed thereupon, we now reach appellants' other assertions of error. We have fully considered the claims of trial error and find no error warranting reversal. Additionally, appellant Dickerson's claim of error in sentencing is, in view of our disposition, moot.

For the foregoing reasons, parts II and III of our prior opinion are vacated; each appellant's conviction for receiving stolen goods is vacated; appellants' sentences for burglary and larceny are vacated and their cases remanded for resentencing; and the judgment of the trial court is, in all other respects, affirmed.

*So ordered.*