934 F.2d 320
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alice Biggs WILLIAMS, Defendant-Appellant.
 No. 90-6141.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 9, 1991.
Decided May 29, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CR-88-40-5; CA-90-470-5)
 Alice Biggs Williams, appellant pro se.
 Robert Daniel Boyce, Office of the United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before DONALD RUSSELL, PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Alice Biggs Williams was convicted of: armed robbery of a federally insured credit union, in violation of 18 U.S.C. Secs. 2113(a) and (d); possession or use of a firearm during a crime of violence, in violation of 18 U.S.C. Sec. 924(c)(1) and 18 U.S.C. Sec. 2; unlawful receipt and possession of money stolen from the credit union, in violation of 18 U.S.C. Sec. 2113(c); and conspiracy to knowingly, intentionally, and unlawfully receive and possess money stolen from the credit union, in violation of 18 U.S.C. Sec. 371. This Court affirmed her convictions on appeal.
 
 
 2
 Williams filed a 28 U.S.C. Sec. 2255 motion, raising as grounds for relief her claims that: her convictions on some counts violated the double jeopardy clause; the evidence was insufficient to convict; and the trial court violated Fed.R.Crim.P. 32. The district court dismissed the motion as frivolous. We affirm in part, vacate in part, and remand.
 
 
 3
 There was no violation of the prohibition of double jeopardy in Williams' convictions for armed robbery and the firearms charge, see United States v. Holloway, 905 F.2d 893, 895 (5th Cir.1990); United States v. Shavers, 820 F.2d 1375, 1377-78 (4th Cir.1987), or in her convictions for unlawful receipt and possession and conspiracy, see Pegram v. United States, 361 F.2d 820, 821 (8th Cir.1966). However, convictions for both armed robbery under 18 U.S.C. Sec. 2113(a) and (d) and receipt of money stolen in that robbery do implicate double jeopardy concerns. "[S]ubsection (c) was not designed to increase the punishment for him who robs a bank but only to provide punishment for those who receive the loot from the robber. We find no purpose of Congress to pyramid penalties for lesser offenses following the robbery." Heflin v. United States, 358 U.S. 415, 419 (1959); see United States v. Gaddis, 424 U.S. 544 (1976). This claim should not have been dismissed as frivolous and is remanded for answer by the government.
 
 
 4
 We reject Williams' challenge to the sufficiency of the evidence as there was sufficient evidence to convict on all counts. Finally, there was no violation of Fed.R.Crim.P. 32(c)(3)(D), for the record reflects that all matters controverted at sentencing were addressed in accordance with the Rule.
 
 
 5
 We accordingly affirm in part and vacate and remand in part. As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 6
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.