IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
June 23, 2015 Session

**STATE OF TENNESSEE v. ANTHONY TODD GHORMLEY**

**Appeal from the Criminal Court for Loudon County**
**No. 10654   Don R. Ash, Judge**

**No. E2014-00736-CCA-R3-CD – Filed September 21, 2015**

TIMOTHY L. EASTER, J., concurring in results.

I concur in the finding that Petitioner has not stated a colorable claim for which he is entitled to relief under Rule 36.1.  I write separately in order to express my disagreement with the statement in the lead opinion that the plain language of Tennessee Rule of Criminal Procedure 36.1 forecloses the conclusion that a claim of an illegal sentence is moot because the sentence has expired.  I respectfully disagree particularly in this case when the record allows for a common sense, straightforward calculation leading to the inescapable conclusion that Petitioner's Community Corrections sentence has long since expired.

Pursuant to Tennessee Code Annotated section 40-36-106(e)(3)(B), "[f]ailure to comply with the terms of probation subjects the offender to revocation proceedings conducted by the court pursuant to [Tennessee Code Annotated section] 40-35-311.  *If incarcerated, the offender receives credit only for actual time served in the community-based alternative program.*"  (emphasis added).  In other words, unless a community-based sentence is modified to transfer a defendant to some other form of alternative sentencing, the offender receives actual time for service in a community-based alternative program as if he had been actually incarcerated.

According to the judgment entered on November 11, 2004, Petitioner pled guilty to the crime of sexual battery by an authority figure and received a five-year, community-based alternative sentence, specified to Community Corrections.  All things being equal, five years would render a sentence expired after 1,825 days.  According to the record, Petitioner received jail credit from the time of his arrest on April 19, 2002, until the time of his plea, which was 935 days, leaving 890 days remaining on his sentence.

- 1 -

Petitioner was arrested for a Community Corrections violation on December 5, 2005, and held without bond. This violation resulted in his Community Corrections sentenced being revoked, without resentencing or modification on February 27, 2006. The revocation order stated that "the original judgment rendered shall be in full force and effect." Petitioner's sentencing credits continued to accumulate from the time his sentence started running on April 19, 2002 (the date of his arrest), until the passage of 1,825 days, without interruption.

Petitioner filed his Rule 36.1 motion on October 27, 2014, some 4,568 days (12 years, 6 months, and 8 days) after his arrest and years beyond the 1,825 days needed to serve a five-year sentence. Because Petitioner has completely served his sentence, I do not believe that the procedural remedy provided in Rule 36.1 applies in this situation to correct any illegality in the sentence. *See Philander Butler v. State*, No. W2014-01366-CCA-R3-CO, 2015 WL 4240256, at *3 (Tenn. Crim. App. July 14, 2015) (2-1 decision), *reh'g denied* (Sept. 2, 2015); *State v. Adrian R. Brown*, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011, at *6 (Tenn. Crim. App. Oct. 29, 2014), *perm. app. granted* (Tenn. May 15, 2015).

The function of the judiciary "in statutory interpretation is to assign a statute the full effect of the legislative intent without restricting or expanding the intended scope of the statute." *State v. Dycus*, 456 S.W.3d 918, 924 (Tenn. 2015) (citations omitted). Although legislative intent is generally ascertained by the plain language of a rule or a statute, a court is not constrained to apply a statute in a manner that would violate the "obvious intent" of the legislature. *State v. Marshall*, 319 S.W.3d 558, 561 (Tenn. 2010). Under the prior construction canon, "when 'judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a new statute' is presumed to incorporate that interpretation." *Armstrong v. Exceptional Child Ctr., Inc.*, -- U.S. --, 135 S.Ct. 1378, 1386 (2015) (quoting *Bragdon v. Abbott*, 524 U.S. 624, 645 (1998)). Courts "are required to interpret all statutes in a way that makes sense rather than nonsense." *Powell v. Cmty. Health Sys., Inc.*, 312 S.W.3d 496, 508 (Tenn. 2010) (citations omitted). Similarly, we "will not apply a particular interpretation to a statute if that interpretation would yield an absurd result." *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000) (citing *State v. Legg*, 9 S.W.3d 111, 116 (Tenn. 1999)).

Rule 36.1 is clearly a codification of the previous case law regarding correction of illegal sentences. *Compare* Tenn. R. Crim. P. 36.1 *with Cantrell v. Easterling*, 346 S.W.3d 445, 455-56 (Tenn. 2011) (summarizing previous cases establishing the proper legal analysis for correction of illegal sentences) *and Davis v. State*, 313 S.W.3d 751, 758-60 (Tenn. 2010) (same). The Advisory Commission Comment on Rule 36.1 explains that it "was adopted to provide a mechanism for the defendant or the State to seek to correct an illegal sentence." *See Cantrell*, 346 S.W.3d at 453 (noting that the Tennessee Rules of Criminal Procedure "did not contain a specific procedural mechanism for seeking relief from an allegedly illegal sentence" so our supreme court eventually

"determined that habeas corpus was a correct procedural mechanism to use for seeking the correction of an illegal sentence").

In the context of illegal sentences, the phrase "at any time" originated in the case of *State v. Burkhart*, 566 S.W.2d 871 (Tenn. 1978). *Cantrell*, 346 S.W.3d at 453 ("In 1978, this Court recognized that a trial court has the authority to correct an illegal sentence at any time." (citing *Burkhart*, 566 S.W.2d at 873)). As can be seen, the phrase "at any time" was used in *Burkhart* simply to emphasize that a trial court maintains jurisdiction to correct an illegal sentence even after the judgment has become final. 566 S.W.2d at 873 ("As a general rule, a trial court judge may correct an illegal, as opposed to a merely erroneous, sentence at any time, even if it has become final."). However, it did not purport to apply this rule to expired sentences because the defendant in that case was still serving the illegal sentence. *See id.* at 872.

It is also worth noting that our supreme court's use of the phrase "at any time" aligned with the United States Supreme Court's explanation of the phrase "at any time" in a former version of Rule 35 of the Federal Rules of Criminal Procedure[1] which authorized correction of illegal sentences. *Hill v. United States*, 368 U.S. 424, 430 n.8 (1962) (explaining that "Rule 35 was a codification of existing law and was intended to remove any doubt . . . as to the jurisdiction of a District Court to correct an illegal sentence after the expiration of the term at which it was entered" (quoting *Heflin v. United States*, 358 U.S. 415, 422 (1959) (Stewart, J., concurring))). Our supreme court has never held that the "at any time" language of *Burkhart* extended to expired sentences under the habeas corpus statute. *See Benson v. State*, 153 S.W.3d 27, 31-32 (Tenn. 2004) (holding that the petitioner was not "currently imprisoned or restrained of liberty" by the underlying convictions of allegedly illegal concurrent sentences because the sentences were already served). Because prior judicial construction of the phrase "at any time" did not include expired sentences, we should presume that the General Assembly intended for the same construction to follow its use in Rule 36.1.

Our supreme court has explained that the legal justification for the correction of an illegal sentence is because the illegal sentence is generally void ab initio and ineffective. *See Summers*, 212 S.W.3d at 259 (acknowledging that, where a plea agreement contains an illegal sentence as a material element, "the illegal sentence renders the guilty plea, including the conviction, invalid" (citing *McConnell v. State*, 12 S.W.3d 795, 800 (Tenn. 2000))); *Burkhart*, 566 S.W.2d at 873 (stating that "the judgment entered in the trial court . . . was in direct contravention of the express provisions of [a sentencing statute] and consequently was a nullity"). Thus, for a defendant actually serving an illegal sentence, the injury necessitating redress is that there is not a valid judgment authorizing criminal

---

[1] In part, this rule provided that "[t]he court may correct an illegal sentence at any time." *Hill v. United States*, 368 U.S. 424, 430 n.7 (1962) (discussing Rule 35 of the Federal Rules of Evidence).

punishment. *See Cantrell*, 346 S.W.3d at 456 (explaining that a judgment is composed of both a conviction and a sentence and that "[e]ach of these two components must be valid to be enforceable"). However, such justification for correction of an illegal sentence is absent when a defendant seeks relief under Rule 36.1 for an expired sentence because the defendant is no longer suffering injury from the illegal sentence—the invalid judgment is no longer being enforced against the defendant.

It defies reason to believe that the General Assembly intended Rule 36.1 to operate as a remedy for an expired illegal sentence. If the expired sentence sought to be corrected was illegally excessive, an opportunity to vacate the underlying guilty plea and face the charges anew—the remedy offered by Rule 36.1—does nothing to ameliorate something that happened in the past. *See, e.g.*, *State v. Adrian R. Brown*, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011, at*6 (Tenn. Crim. App. Oct. 29, 2014) (denying Rule 36.1 relief to a defendant claiming that he did not receive the proper amount of pre-trial jail credit), *perm. app. granted* (Tenn. May 15, 2015). Similarly, the General Assembly could not have intended to grant a windfall to a defendant who enjoyed the benefits of an illegally lenient sentence before then seeking the additional benefit of an opportunity to vacate his underlying conviction. In such an instance, the only injury is suffered by the People of Tennessee, and it is nothing but absurd to construe Rule 36.1 to provide a repeat offender the opportunity to remove a conviction from his criminal history when he never received the punishment he was due.[2]

In sum, I have no trouble concluding that interpreting Rule 36.1 to apply to expired illegal sentences, such as the sentence in this case, is inconsistent with our previous construction of the phrase "at any time" and unduly expands its coverage beyond its intended scope. Therefore, I would affirm the trial court's decision to dismiss this case because Rule 36.1 is inapplicable to illegal sentences that are no longer being served. Any other interpretation would lead to an absurd result.

TIMOTHY L. EASTER, JUDGE

---

[2] "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." *Bozza v. United States*, 330 U.S. 160, 166-67 (1947). Although this statement was made in the context of a constitutional double jeopardy claim, the notion carries equal force in the context of this case.