### In re Dona H. SLY Joann E. Sly, Debtors.

### Dona H. Sly Joann E. Sly, Plaintiffs,

### v.

### United States of America, (Treasury Department, Internal Revenue Service Division), Defendant.

**Bankruptcy No. 90–04377.**
**Adversary No. 01–80025.**

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

Oct. 3, 2003.

James L. Chase, Pensacola, Florida, for Dona and Joann Sly.

Rebeccah L. Bower, Washington, D.C., for United States of America.

ORDER DENYING PLAINTIFFS' MOTION TO STRIKE, DENYING DEFENDANT SUMMARY JUDGMENT ON ITS LACHES DEFENSE AND GRANTING DEFENDANT SUMMARY JUDGMENT ON ITS POSTPETITION ASSESSMENT OF 1983 TAXES DEFENSE

MARGARET A. MAHONEY
Bankruptcy Judge.

This case is before the Court on the defendant's summary judgment motion alleging that the plaintiffs' federal income taxes were not discharged in their chapter 7 bankruptcy case. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter a final order. For the reasons given below, the Court finds that Dona and Joann Sly's motion to strike is denied and the Internal Revenue Service's summary judgment motion is denied in part and granted in part.

## FACTS

The debtors, Dona and Joann Sly, filed a chapter 11 bankruptcy case in this Court on April 30, 1990. It was subsequently converted to a chapter 7 case and the debtors received a discharge on March 3, 1993. In 1995, the IRS informed the Slys of its position that their 1980 through 1983 tax liabilities were not affected by the discharge.[1] The Slys replied shortly thereafter that it was their position that their taxes were discharged. Neither party filed a dischargeability action at that time.

The Slys filed an adversary proceeding seeking to determine the dischargeability of their federal income tax debt to the Internal Revenue Service ("IRS") on June 7, 2001. They argued that their 1980 through 1983 tax liabilities were discharged by their chapter 7 bankruptcy case. The IRS argued that the Slys' tax liabilities were not discharged because the Slys filed fraudulent tax returns. Both parties filed motions for summary judgment based on collateral estoppel grounds. The Court denied both motions and its findings are incorporated by reference.

The IRS has filed a second motion for summary judgment. This time, the IRS argues that the Slys are barred by laches from pursuing a dischargeability action regarding their 1980 through 1983 tax liabilities. It asserts that laches should be applied to bar the Slys from now bringing their complaint because the government destroyed most of the records pertaining to the Slys's tax liabilities when the Slys did not attempt to discharge them during their bankruptcy case. The IRS further argues that the Slys' 1983 tax liabilities are excepted from discharge pursuant to §§ 523(a)(1)(A) and 507(a)(8)(A)(iii) of the Bankruptcy Code.

The Slys filed a motion to strike the IRS' summary judgment motion because it was filed with the Court four days after the deadline set for dispositive motions to be filed. They also filed affidavits in response to the IRS' second summary judgment motion. In their affidavits, the Slys state that they believed their tax liabilities were already discharged in their chapter 7 bankruptcy case; therefore, they did not pursue a dischargeability action against the IRS until the IRS recently claimed taxes were still owing for 1980 through 1983. They argue that the government's laches defense should not bar them from bringing their complaint because the government is to blame for the destruction of

---

1. The years 1980 through 1983 refer to tax years, not calendar years.

records relating to their tax liabilities. The Slys further argue that, at the very least, laches is a fact intensive defense that is not appropriately raised in a summary judgment motion.

## LAW

■ The Slys filed a motion to strike the IRS' summary judgment motion because it was filed beyond the Court's deadline for dispositive motions. The Court concludes that the IRS' summary judgment motion should be allowed because its defenses, if not dealt with now, will merely be delayed until trial. There is no reason to wait to determine these issues. Moreover, the Court offered the Slys additional time to respond to the IRS' late filed motion but they declined. Therefore, the Court will now consider the IRS' summary judgment motion.

A motion for summary judgment should be granted if the moving party can show that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). As the party seeking summary judgment, the IRS has the burden of demonstrating that no genuine issue as to any material fact exists, and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the underlying facts, and all reasonable inferences drawn therefrom, in the light most favorable to the Slys, the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## A.

■ The first argument made by the IRS in its summary judgment motion is

that the Slys' dischargeability complaint should be barred by laches because it is untimely. The Bankruptcy Rules provide that a complaint to determine the dischargeability of a debt, with exceptions not applicable in this case, "may be filed at any time." Fed. R. Bankr.P. 4007(b). Due to the conflict of the laches doctrine with Rule 4007(b), the Court must consider whether laches is applicable to dischargeability actions governed by Rule 4007(b). Based upon this Court's research, this is a case of first impression in this Circuit. However, in *Beaty v. Selinger (In re Beaty)*, 306 F.3d 914 (9th Cir.2002), the Ninth Circuit Court of Appeals thoroughly addressed an analogous dischargeability action under § 523(a)(3)(B) of the Bankruptcy Code in which the defendant invoked laches. The *Beaty* court held that laches is available as a defense in a § 523(a)(3)(B) dischargeability action involving a debt not listed or scheduled by a creditor. *Beaty* at 923.

The Ninth Circuit Court of Appeals enumerated four reasons that laches is available as a defense in a § 523(a)(3)(B) action: (1) Congress "intended laches to act as a constraint" in other similar bankruptcy actions; (2) the "at any time" language of Rule 4007(b) is not found in § 523(a)(3)(B) itself; (3) laches is "primarily concerned with prejudice" and does not solely focus on timing; and (4) "the absence of a laches defense would lead to injustice." *Beaty* at 923–26. However, the Court of Appeals did give a caveat to its application of laches. It held that although the "best reading of § 523(a)(3)(B) and Rule 4007(b) is that laches is available as a defense" in bankruptcy cases, "those provisions ... direct[ ] bankruptcy courts to be especially solicitous to § 523(a)(3)(B) claimants when laches is invoked, and to refuse to bar an action without a particu-

larized showing of demonstrable prejudicial delay." *Id.* at 926.

The *Beaty* court acknowledged that courts considering "at any time" language in other non-bankruptcy statutes have held that laches is not applicable to such actions. *See Marshak v. Treadwell,* 240 F.3d 184, 193 n. 2 (3rd Cir.2001) (holding that a laches defense is precluded under a section of the Lanham Act providing for cancellation "at any time"); *Heflin v. United States,* 358 U.S. 415, 420, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959) (holding that a laches defense is inapplicable to a statute providing that a motion to vacate a sentence "may be made at any time"). However, the *Beaty* court disagreed with these holding on the basis that the courts reached their conclusion "with virtually no analysis as to why such language would eliminate the application of the equitable doctrine, instead simply assuming that the absence of a time limitation also results in the absence of a laches limitation." *Beaty* at 922–23.

This Court finds that the reasoning of *Beaty* should apply to the Slys' § 523(a)(1) dischargeability action. It is especially mindful of the third reason listed by the Court of Appeals in *Beaty,* that laches is more concerned more with prejudice than it is with timing. *Beaty.* at 924. Like the court in *Beaty,* this Court finds that "[t]here is nothing inherently contradictory about saying that an action that may be brought 'at any time' is nonetheless subject to an equitable limitation based on prejudicial delay." *Id.* "This fact is implicitly recognized in the doctrine that a claim may be barred by laches even if the statute of limitations for the claim has not expired." *Id.* at 924–25 (citing numerous supporting cases). Therefore, the Court will consider the IRS' laches defense.

■ The Eleventh Circuit Court of Appeals has held that "[t]o establish laches, a defendant must demonstrate 1) a delay in asserting a right or a claim, 2) that the delay was not excusable, and 3) that there was undue prejudice to the party against whom the claim is asserted." *AmBrit, Inc. v. Kraft, Inc.,* 812 F.2d 1531, 1545 (11th Cir.1986). With regard to the third factor, undue prejudice, a defendant must demonstrate with particularity the prejudice it will suffer if laches is not applied. *Beaty* at 926. Finally, where the defendant asserts its laches defense in a summary judgment motion, it must prove that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Anderson* at 247, 106 S.Ct. 2505.

■ The Court will not consider each of three factors the IRS must establish to invoke laches at this time because it finds that the IRS has failed to prove that there is no genuine issue as to any material fact in this case and that it is entitled to a judgment as a matter of law. The Court concludes that the IRS has not yet established that the prejudice to it was "undue." The Slys' affidavits raise factual issues about IRS actions that may have been prejudicial to the Slys. While the Slys delayed bringing this action for approximately eight years after getting their chapter 7 discharge, nothing precluded the IRS from bringing an action in 1995 when it knew that the Slys asserted their taxes were discharged in their bankruptcy case. Additionally, the IRS may have prejudiced the Slys by destroying documents important to the Slys' complaint.

The actions of both parties contributed to the delay in this case. They may both suffer some prejudice by having to try this case without access to documents that would have been available if either party had pursued a dischargeability action at an earlier date. However, granting summary judgment to the IRS on its laches defense

is not an appropriate remedy to this situation. The Court will decide if laches applies in this case only after the facts are more fully presented at trial.

### B.

The second argument made by the IRS in its summary judgment motion is that the Slys' 1983 federal tax liabilities are excepted from discharge pursuant to §§ 523(a)(1)(A) and 507(a)(8)(A)(iii) of the Bankruptcy Code because their 1983 taxes were assessable after the Slys filed their bankruptcy case. The Slys do not contest that the Court should grant summary judgment to the IRS regarding their 1983 tax liabilities. Therefore, the Court finds that the Slys' 1983 tax liabilities were not discharged in their chapter 7 bankruptcy case.

### CONCLUSION

For the reasons stated above, the Court has concluded that the Internal Revenue Service's motion for summary judgment is due to denied in part and granted in part. Dona and Joann Sly's motion to strike is due to be denied.

IT IS ORDERED that Dona and Joann Sly's motion to strike is DENIED and the motion of the Internal Revenue Service for summary judgment is DENIED on its laches defense and GRANTED on its post-petition assessment of 1983 taxes defense.