[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  14-10838
Non-Argument Calendar
_____

Docket No. 1:13-cv-21030-KAM,
Bkcy No. 10-bkc-20820-RAM

GENERAL LENDING CORPORATION,

Plaintiff - Appellant,

versus

JESUS CANCIO,
MELISSA CANCIO,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 21, 2014)

Before PRYOR, MARTIN, and EDMONDSON, Circuit Judges.

PER CURIAM:

General Lending Corporation ("GLC") appeals the district court's affirmance of the bankruptcy court's final orders (1) denying GLC's motion to dismiss Jesus and Melissa Cancio's ("Debtors") Chapter 13 case; (2) overruling GLC's objections to the confirmation of Debtors' Chapter 13 Plan; and (3) confirming Debtors' Chapter 13 Plan. No reversible error has been shown; we affirm.

Debtors filed for Chapter 13 bankruptcy relief in April 2010 seeking, among other things, to avoid foreclosure on their home by stripping off a wholly unsecured third mortgage held by GLC. In March 2012, after extensive litigation and discovery, GLC filed a motion to dismiss Debtors' case. GLC argued, for the first time, that Debtors were ineligible for Chapter 13 relief because their unsecured debt exceeded the limit established by 11 U.S.C. § 109(e).

The bankruptcy court denied GLC's motion to dismiss, concluding that GLC's challenge to Debtors' Chapter 13 eligibility was barred by the doctrine of laches.[1] The bankruptcy court determined that the facts underlying GLC's

---

[1] In the alternative, the bankruptcy court seemed to determine that, even if GLC's eligibility argument was not barred by laches, it would fail on the merits. Given the procedural history of

2

eligibility argument were apparent from the record beginning in July 2010, that GLC failed to challenge Debtors' eligibility despite several opportunities to do so, and that Debtors would suffer great prejudice if they were denied eligibility after pursuing a Chapter 13 Plan for nearly two years.

GLC also objected to confirmation of Debtors' Chapter 13 Plan on the grounds that Debtors had acted in bad faith. The bankruptcy court overruled GLC's objections following an evidentiary hearing. On appeal, the district court affirmed the bankruptcy court's rulings.

When the district court affirms the bankruptcy court's order, we review only the bankruptcy court's decision on appeal. Educ. Credit Mgmt. Corp. v. Mosley, 494 F.3d 1320, 1324 (11th Cir. 2007). We review the bankruptcy court's legal conclusions de novo and its factual findings for clear error. Hemar Ins. Corp. of Am. v. Cox, 338 F.3d 1238, 1241 (11th Cir. 2003). "A factual finding is not clearly erroneous unless 'this court, after reviewing all of the evidence, [is] left with the definite and firm conviction that a mistake has been committed.'" Id.

---

the case, the bankruptcy court explained it would be appropriate to consider post-petition events in determining whether Debtors satisfied section 109(e). Because one of Debtors' creditors in fact failed to claim an unsecured debt, the amount of Debtors' unsecured claims did not exceed the limits established in section 109(e). Because we affirm the bankruptcy court's decision on laches, we need not address or decide about its alternative ruling.

3

I.  Laches:

The equitable doctrine of laches "bars a plaintiff from maintaining a suit if he unreasonably delays in filing a suit and as a result harms the defendant." Amtrak v. Morgan, 122 S.Ct. 2061, 2077 (2002).  "To establish laches, a defendant must demonstrate (1) a delay in asserting a right or a claim, (2) that the delay was not excusable, and (3) that there was undue prejudice to the party against whom the claim is asserted."  AmBrit, Inc. v. Kraft, Inc., 812 F.2d 1531, 1545 (11th Cir. 1986); see also In re Sly, 305 B.R. 67, 71 (Bankr. N.D. Fla. 2003) (citing AmBrit, Inc. and analyzing a laches claim in the context of a bankruptcy proceeding).  We review rulings on laches under an abuse-of-discretion standard.  See AmBrit, Inc., 812 F.2d at 1546.

That GLC could have identified the eligibility issue as early as July 2010 is undisputed.  Instead, GLC's failure to inspect closely Debtors' schedules resulted in a delay of nearly 20 months before GLC filed its motion to dismiss.  GLC concedes that it "overlooked" the eligibility issue, that its focus was on Debtors' alleged dishonesty, that the "focus on the honesty issue predominated and overshadowed [GLC's] attention to any other issue," and that, as a result, GLC "did not consider and was not looking for the eligibility issue."

4

Meanwhile, Debtors contend that they would suffer undue prejudice if they were denied Chapter 13 eligibility at such a late stage in the proceedings. Debtors specifically argue that when GLC filed its motion to dismiss, Debtors were already two thirds of the way through the Chapter 13 process and had already maintained their Chapter 13 plan payments for two years.

In the light of the record and the procedural history of this case, the bankruptcy court abused no discretion in concluding that Debtors would suffer undue prejudice as a result of GLC's delay and, thus, that GLC's eligibility argument was barred by the doctrine of laches. Moreover, the bankruptcy court was not required to conduct an evidentiary hearing on GLC's motion, particularly given the bankruptcy court's familiarity with the case and that both parties had the opportunity to brief the issue and present argument at a non-evidentiary hearing.

II.  Good Faith

The Bankruptcy Code requires, among other things, that a debtor act in good faith when filing his petition and proposing his plan. See 11 U.S.C. § 1325(a)(3), (a)(7). A debtor's good faith is determined on a case-by-case basis, considering the totality of the circumstances. See In re Kitchens, 702 F.2d 885, 888 (11th Cir.

5

1983).  In In re Kitchens, we identified several non-exclusive factors for bankruptcy courts to consider in determining whether a debtor has acted with the requisite good faith.  See id. at 888-89.

"A bankruptcy court's determination whether a chapter 13 plan has been proposed in good faith is a finding of fact reviewable under the clearly erroneous standard."  Brown v. Gore (In re Brown), 742 F.3d 1309, 1315 (11th Cir. 2014). We have said that "[t]he bankruptcy court judge is in the best position to evaluate good faith and weigh the relevant Kitchens factors, as it sits as a finder of fact and can best assess motives and credibility."  See id.

In ruling on GLC's objections to the confirmation of Debtors' Chapter 13 Plan, the bankruptcy court considered expressly the voluminous record, the testimony presented at the evidentiary hearing, and the parties' written closing arguments.  The bankruptcy court addressed specifically each of GLC's arguments about Debtors' alleged bad faith and engaged in a detailed analysis of the factual record.  Although the bankruptcy court found that portions of Debtors' testimony lacked credibility, the court determined -- based on the totality of the circumstances and the In re Kitchens factors -- that Debtors were "basically honest debtors for purposes of seeking Chapter 13 relief."  Distinguishing Debtors' case from cases where debtors were found to have acted in bad faith, the bankruptcy

6

court concluded that Debtors' had not engaged in "the type of egregious conduct that would prove bad faith and disqualify them from confirming their Chapter 13 plan."

Having reviewed the record in this case and the bankruptcy court's careful analysis, we are not "left with the definite and firm conviction that a mistake has been committed." The bankruptcy court committed no clear error in overruling GLC's objections to the confirmation of Debtor's Chapter 13 Plan.[2]

AFFIRMED.

---

[2] Although the bankruptcy court -- in its oral ruling -- briefly remarked that GLC "failed to establish" Debtors' bad faith, we reject GLC's argument that the bankruptcy court shifted impermissibly the burden of proof from Debtors to GLC. Isolated words -- especially ambiguous ones -- are inconclusive. The bankruptcy court set forth the correct legal standards for evaluating Debtors' good faith and applied properly the law to the facts of the case.